## Leonard and Wife *versus* Parker *et al.*

1. A suit was against three, " the court being satisfied" that the name of a fourth defendant was omitted by mistake, on motion of plaintiff, added the fourth without notice to him. *Held* that previous notice was not essential.

2. Under the Act of May 4th 1852 (Amendments), the only question is whether there be an omission or mistake.

3. Such inquiry involves the ascertainment of whether the name to be added appears to have connection with the subject of the suit.

4. If the name be added without notice, the party must be brought into court by an *alias* or a rule to appear and plead.

5. A name having been added without notice to the party, it was stricken off subsequently for that reason. *Held* to be error, and the name ordered to be, re-inserted.

6. The presumption is that the name had been added upon cause shown and within the Act of Assembly.

October 28th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Armstrong county* : No. 126, to October and November Term 1872.

On the 27th of January 1865 a writ in ejectment was issued, in which Reuben Leonard and wife were plaintiffs, and Fullerton Parker, George Parker, William Morrison were named as defendants.

On the 10th of February an appearance was entered for Morrison, Connelly and George Parker. On the 6th of March the following order was made :—

"On motion of J. Boggs, the court amend the record in this case by adding the name of James W. Parker as a defendant, the court being satisfied that his name was omitted in the precipe by mistake of the counsel."

On the 27th of March a rule was taken on the plaintiff to file their abstract of title, and on the 12th of June the abstract was filed. March 5th 1866 the defendants' attorneys suggested the death of Connelly, and his heirs were substituted as defendants.

On the 26th of November 1869 the defendants' attorneys obtained a rule to show cause why the amendment making James W. Parker a defendant should not be taken off, and his name stricken from the records. Depositions were taken by both parties for the hearing of the rule, and on the 12th of July the court (Jenks, P. J. of the 18th district) made the rule absolute, and the name of James W. Parker was stricken off.

The plaintiff took a writ of error and assigned for error the order making the rule absolute.

*J. Boggs* and *S. A. Purviance*, for plaintiff in error, cited Acts of March 21st 1806, sect. 6, 4 Sm. L. 329 ; May 4th 1852, sect. 2, Pamph. L. 574 ; 1 Br. Purd. 68–70, pl. 1, 3, relating to amendments ; Horbach *v.* Knox, 6 Barr 377 ; Walthour *v.* Spangler, 7

[Leonard v. Parker.]

Casey 523; Kaylor v. Shaffner, 12 Harris 489. Under the Act of 4th of May 1852, parties to an action, whether plaintiffs or defendants, may be struck out or added, whenever such amendments are necessary to a trial on the merits, and whenever the rights of a party are liable to be defeated by having joined too many plaintiffs or defendants, these amendments may be made. In such circumstances the fact of mistake will be presumed if, without them, the merits may not be fully tried: Rangler v. Hummel, 1 Wright 130; Hite v. Kier, 2 Id. 72; Jackson v. Lloyd, 8 Id. 82; Schollenberger v. Seldonridge, 13 Id. 83; Ritcher v. Cummings, 10 P. F. Smith 441. A party shall not lose his rights by reason of mistake, either in law or fact; and where an amendment is made in such case, the presumption is that the court below were legally satisfied of the mistake: Wilson v. The Mechanics' Saving Bank, 9 Wright 488; Cochran v. Arnold, 8 P. F. Smith 399; Musser v. Gardner, 16 Id. 242.

*E. S. Golden*, for defendants in error.—This being a question in the discretion of the court below, whether amendments shall be made in the first instance, or, if inadvertently allowed, whether they shall be rescinded, is not the subject of review in this court: Commonwealth v. Hultz, 6 Barr 469; Mishler v. Commonwealth, 12 P. F. Smith 55. Notice to J. W. Parker was indispensable: Thompson v. Stitt, 6 P. F. Smith 156; Gardner v. Post, 7 Wright 19; Locke v. Daugherty, Id. 88; Wright v. Hart, 8 Id. 454; Stout v. Stout, Id. 457; Trego v. Lewis, 8 P. F. Smith 463; Hartshorne v. Mercer, 6 P. L. J. Repts. 152.

The opinion of the court was delivered, November 14th 1872, by THOMPSON, C. J.—The plaintiffs commenced an action of ejectment for the land mentioned in the writ, on the 27th of January 1865, against Fullerton Parker, George Parker, William Morrison and Michael Connelly, and there was an appearance for the last three on the 10th of February 1865. On the 6th of March following, the plaintiffs' counsel discovering that he had omitted the name of James W. Parker, whom he intended to embrace in the writ as a defendant, in transcribing his precipe, applied to the court for leave to amend under the Act of Assembly of the 4th May 1852, by adding his name. The court being satisfied of a mistake granted leave, and the name was added. On the 27th of the same month defendants' counsel ruled the plaintiffs to file an abstract of title, which was accordingly done on the 12th June 1865. Thus the case stood, with the exception of the introduction of the heirs of M. Connelly, who had become deceased, until the 26th November 1869, when, on motion of defendants' counsel, a rule was granted upon the plaintiffs to show cause why the amendment allowed in adding the name of James W. Parker should not

[Leonard *v.* Parker.]

be revoked, and his name stricken from the record as a defendant. This rule was afterwards, on the 12th of July 1872, made absolute.

The plaintiffs took testimony to show that the amendment was allowed to correct a mistake and supply an omission. This was clearly shown, but was a work of supererogation, as the act of the court was presumably upon cause shown, and within the Act of Assembly. There was no testimony on the part of Parker to show that it had been improvidently made. Indeed it is questionable whether, had there been, it could have been made to appear here. But it is alleged that the amendment was made without notice to Parker. It seems to me that this was not essential at this point. The action of the court was only with the view to correct the omission of a name necessary to a full trial of the cause on the merits—to have all proper parties on the record. Had the rule to show cause been served on Parker, and he had offered to resist the amendment, it would have most likely had the effect of making him a party without any process or rule to bring him in. I cannot see how he could have prevented the amendment if he had had notice, unless by satisfying the court of what is not pretended here, that he was an entire stranger to the land in controversy. The Act of Assembly says that the "courts shall have power in any stage of the proceedings (in actions) to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party." It has been often done. See authorities cited by plaintiffs' counsel. The only question in such an application is whether an omission or mistake has occurred, and of course this inquiry would necessarily extend to the ascertainment of the fact whether the name proposed to be added appeared to have a connection with the subject of the suit. If so, and omitted by mistake, then the amendment would be proper, and no considerations of superior right or title to the thing in controversy in the party can prevent it. That is the fact to be tried when the party is on record. When the name is added, if without previous notice or appearance to the rule, of course the party must be brought into court by an alias summons, or perhaps by a rule to appear and plead. This done, the party added is thenceforth a party to the record, and his rights are to be affected from the time he is thus fully in court, as in cases of parties originally summoned.

James W. Parker having been regularly introduced as a party defendant, we cannot see any good ground in anything alleged in argument for striking him out. His own affidavit, undoubtedly looked at in the court below, shows a good reason for making him a party. He claims in it the entire property in controversy, and that he is in possession of it. But that is, strictly speaking, not before us, and the defendant can claim no support from it here.

[Leonard v. Parker.]

We have then nothing to justify the court in striking out the defendant's name at his own instigation, and against the opposition of the plaintiff who had it added on the ground of omission by mistake. The idea was suggested on argument, that if the name be not stricken out the defendant will be deprived of the effect of the running of the Statute of Limitations in his favor. A consideration of that kind would not do as a ground for striking out the amendment, for peradventure the plaintiffs might be able to show an entry that would toll the statute, or an acknowledgment of title within the bar of the statute or the like. At least they ought to have an opportunity to do so if they can. All such considerations were out of place on this motion: they are necessarily reserved for the subsequent action of the court and jury.

Seeing nothing to justify the court below in striking out the name of James W. Parker as defendant in this case, the order for the same is reversed, and it is ordered that the name be reinserted, and the record is remitted for that purpose, and that the case be proceeded in as the case stood before the name of James W. Parker, defendant, was stricken out.