# Pittsburg *v.* Eyth, Appellant.

*Practice, C. P.—Parties—Amendment—Road law.*

Where a city brings an action against several persons individually to recover the costs of setting a curb and laying sidewalks, and the defendants deny in their affidavit of defense that they were the owners of the abutting property at the time of the improvement, or for several years subsequently, and after the case is at issue the executors of a deceased person of the same name as the individual defendants are added as parties defendant, but are not brought into court, it is improper to permit a verdict to be entered against the individual defendants without any proof that such defendants owned the land at the time of the improvement, or had ever owned it, or that they had sustained any relation to the decedent, or had acquired the land as his devisees or heirs, or that the decedent had ever made a will and nominated executors.

Where a plaintiff is permitted to amend the record by adding additional parties as defendants, it is the duty of the plaintiff to bring them into court by an alias summons, or by a rule to appear and plead.

Argued Oct. 28, 1901.   Appeal, No. 10, Oct. T., 1901, by defendants, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1898, No. 524, on verdict for plaintiff in case of City of Pittsburg v. Julia Eyth et al.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Assumpsit to recover the cost of resetting a curb and laying a sidewalk.   Before Frazer, J.

From the record it appeared that the caption of the case as it originally stood was as follows : City of Pittsburg v. Julia Eyth, Louisa Eyth, Flora Eyth, Emma Eyth, Amelia Eyth, Georgia Eyth and Pauline Eyth.

Subsequently the court allowed the following motion to amend :

And now, May 25, 1900, the plaintiff moves the court for leave to amend the record in the above entitled case, by specifying that said action is brought against Julia Eyth and Louisa Eyth (now Louisa Friday) in their own right and as executrices of J. B. Eyth, deceased, and that Amelia Eyth above-named is now Amelia Kettenburg, and that said amendments be incorporated into and made part of the record in this case.

No attempt was made to bring the executrices into court.

The individual defendants denied that they owned the property at the time the improvements were made, or for several years thereafter. No evidence was offered as to their ownership of the premises.

The court directed a verdict and judgment for plaintiff for $2,729.64. Defendants appealed.

*Error assigned* was in entering verdict for plaintiff.

*Franklin P. Iams*, with him *Cyrus C. Brock*, for appellants, cited on the subject of amendment: Riley v. Prudential Ins. Co., 12 Pa. Superior Ct. 561; Furst v. Building & Loan Assn. of Lock Haven, 128 Pa. 183; Grier Bros. v. Northern Assurance Co., 183 Pa. 343; Leonard v. Parker, 72 Pa. 236; Hartman v. Keystone Mutual Life & Health Ins. Co., 21 Pa. 475.

*Wm. W. Smith*, assistant city solicitor, with him *W. B. Rodgers*, city solicitor, for appellee, cited as to the amendment: Leonard v. Parker, 72 Pa. 236; Filson v. Dunbar, 26 Pa. 475; Geddis v. Irvine, 5 Pa. 508; Rangler v. Hummel, 37 Pa. 130; Wilson v. Mechanics' Sav. Bank, 45 Pa. 488; Heidelberg School District v. Horst, 62 Pa. 301; Druckenmiller v. Young, 27 Pa. 97; Meason v. Kaine, 67 Pa. 126.

OPINION BY MR. JUSTICE BROWN, January 6, 1902:

This is truly an anomalous record. On December 2, 1897, the city of Pittsburg brought suit against Julia Eyth, Louisa Eyth, Amelia Eyth, Flora Eyth, Emma Eyth, Georgia Eyth and Pauline Eyth, to recover from them personally $2,120.69, for setting curb and laying sidewalks along property located in the twenty-third ward of that city. In the statement filed it is alleged that, at the time the city made the improvements, the defendants were the owners of the land along which the curb was set and the sidewalks laid, and the ordinance and other proceedings, under which it is claimed they are liable, are set out in the usual detail. In their affidavit of defense the defendants specifically deny that they were the owners of the property when the sidewalks were laid and curb set along and in front

of it, and aver that, at the time the said improvements were made, and for several years afterwards, they had no interest whatever in it nor control over it. Subsequently issue was joined between the city and the defendants, individually and personally, and the case reached the trial list. When reached and called, on motion of plaintiff's counsel, leave was granted to amend the record "by specifying that said action is brought against Julia Eyth and Louisa Eyth (now Louisa Friday) in their own right and as executrices of J. B. Eyth, deceased." When this amendment was asked for, counsel representing those who had been individually sued stated to the court, "We want it understood that we do not appear for the estate of J. B. Eyth, deceased, and we do not want the jury sworn as to the estate of J. B. Eyth, deceased." The case was continued, and, at a later term, called again for trial, when, without any proof, or even an attempt to prove, that the defendants, who had been sued and were on the record as individuals, owned the land at the time the improvements were made, or had ever owned it; or that, even if it had belonged to J. B. Eyth, whose executrices were, under the amendment, made codefendants, the appellants had sustained any relation to him, and had acquired the land as his devisees or heirs; and, without any proof that the said J. B. Eyth, had ever made a will and nominated executrices; in short, with no more proof of liability by these individual defendants to pay the claim of the city than there was on the part of the counsel representing them—a verdict was directed against them and the alleged executrices. The judgment against the appellants is reversed and is now entered in their favor.

The executrices of J. B. Eyth were not in court when the case was called for trial. The amendment simply allowed the plaintiff to name them as codefendants; they neither appeared nor pleaded, and they are not now here as appellants. After the amendment, if it was properly allowed, it was the duty of the city to bring them into court "by an alias summons, or perhaps by a rule to appear and plead:" Leonard v. Parker, 72 Pa. 236. If the city of Pittsburg should ever attempt to enforce the judgment entered on the finding directed against them, they will be heard. In the meantime, not having been in the court below, they have nothing to fear from the proceeding just reviewed.