## Chester City *v.* Baltimore & Ohio Railroad Company, Appellant.

*Practice, C. P.—Parties—Amendments—Judgment—Railroads.*

In summary proceedings against a railroad company before a justice of the peace to recover a penalty, judgment was entered against the defendant. After an appeal had been taken to the common pleas, the plaintiff moved to amend the record by adding the name of a second railroad com-

pany as a party defendant. Notice of this was served upon the attorney for the appealing company, who was alleged to be also attorney for the second company. The amendment was allowed and subsequently a rule to plead was entered and served upon the same attorney, who, however, had never entered his appearance for the company whose name had been added to the record. Judgment was subsequently entered against the company whose name had been added to the record for want of a plea. *Held,* that the amendment had been improperly allowed and should be stricken off, and that the judgment should be reversed.

Argued Nov. 25, 1904.   Appeal, No. 188, Oct. T., 1904, by defendant, from order of C. P. Del. Co., March T., 1903, No. 49, discharging rule to strike off judgment in case of City of Chester v. Baltimore & Philadelphia Railroad Company and the Baltimore & Ohio Railroad Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to strike off judgment.
The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court discharging rule to strike off judgment.

*W. I. Schaffer,* for appellant.—W. B. Broomall, attorney for the Baltimore and Philadelphia Railroad Company, appeared in court to resist the amendment. The Baltimore and Ohio Railroad Company had received no notice of the proposition to make them a party defendant. The last named company would not have had any standing in court to resist the amendment: Leonard v. Parker, 72 Pa. 236.

The Baltimore and Ohio Railroad Company having been made a defendant, it became necessary for the plaintiff to bring that company in by an alias or rule to appear to plead: Leonard v. Parker, 72 Pa. 236; Pittsburg v. Eyth, 201 Pa. 341. After the amendment the plaintiff was proceeding against both defendants as jointly liable. A judgment was entered against one without a discontinuance as to the other. This is error: Wiest v. Electric Traction Co., 200 Pa. 148.

*A. A. Cochran,* for appellee.—The amendment was allowed only after motion by the plaintiff and notice, and the appear-

ance by Mr. Broomall in open court in opposition to its allowance. A corporation cannot be served personally, so what was necessary was to get notice to the company in some manner. Mr. Broomall, having admitted he was its attorney by appearing for it on the motion for the amendment, the service on him of the notice of the rule to plead was certainly sufficient to carry knowledge to the appellant : Kennedy v. Erdman, 150 Pa. 427.

OPINION BY BEAVER, J., January 17, 1905 :

No question of jurisdiction as to the subject-matter, of the alderman, the court below or this court is raised by this record. It is denied that the court below had jurisdiction of the Baltimore & Ohio Railroad Company, which was added in said court after an appeal from the judgment of the alderman had been rendered against the Baltimore & Philadelphia Railroad Company, by an amendment making the said Baltimore & Ohio Railroad Company a party defendant, notice of which was given to William B. Broomall, Esq., who represented the appeal on the part of the Baltimore & Philadelphia Railroad Company from the judgment of the alderman, at the suit of the city of Chester, and who was alleged to be " the solicitor in the city of Chester and county of Delaware for the Baltimore & Ohio Railroad Company." The notice to amend, however, was addressed to him as attorney for the defendant which, as the record then stood, was the Baltimore & Philadelphia Railroad Company alone. After amendment was made, judgment was entered against the appellant by the prothonotary upon a rule to plead within fifteen days, the said rule being alleged to have been served on the said W. B. Broomall, attorney of record and attorney and solicitor as aforesaid, " by handing to Kingsley Montgomery, a clerk in the office of the said W. B. Broomall, in the law building aforesaid, a copy of the plaintiff's statement of claim filed in the above suit, and also written notice that a rule had been entered upon the defendants to plead within fifteen days, or judgment sec. reg., and informing him of the contents thereof." A petition was filed by the appellant, asking to have the judgment so entered stricken from the record, on the ground that " the prothonotary had no lawful authority to enter the said judgment," in which said peti-

tion there is a general averment that " No notice of the proceedings upon which judgment was based was given to the petitioner."

Did the court acquire jurisdiction of the appellant, who was made a defendant by reason of the amendment allowed by the court, so as to justify the entry of a judgment against it upon a rule to plead? A civil court usually acquires jurisdiction of the person of a defendant by a summons regularly issued and regularly served, or by a general appearance by attorney. It is not alleged that there was either summons or service in this case. If the court acquired jurisdiction of the person of the appellant, it was by an appearance by attorney. Was there such an appearance? We cannot find it anywhere in the record. It is true that, after the amendment was allowed, a rule to plead-was served upon W. B. Broomall, who was attorney of record for the defendant company, summoned to appear before the alderman. Notice of the rule to show cause why an amendment should not be allowed was served upon Mr. Broomall as attorney of the Baltimore & Philadelphia Railroad which, as it seems to be conceded in the case, was an entirely distinct corporation from the Baltimore & Ohio Railroad Company, which is the appellant. His appearance, in response to the notice of the rule to amend, was not, therefore, in any sense an appearance for the Baltimore & Ohio Railroad Company. The general allegation that he was the solicitor of the corporation appellant might have been true, but that did not bring him upon the record as its attorney, and was not a good service upon the corporation if he was not its " attorney of record." There being, therefore, neither service of summons nor appearance by an attorney, we conclude that the court had no jurisdiction of the appellant.

The rule of court, under which judgment was taken for want of a plea, as printed in the appellant's paper-book, is : " Rules to declare or plead to a statement filed may be entered in the prothonotary's office at any time after the return day of the writ, and on failure to declare or plead within fifteen days after written notice to do so, served upon the adverse party or on his or her attorney of record, with a copy of the statement of claim, the prothonotary shall, on motion in writing, enter a judgment of non pros. for the plaintiff for want of statement

of claim, or judgment against the defendant for want of a plea, or, at the request of the plaintiff, enter a plea, and place the case on the trial list." Inasmuch as the appellant had no attorney of record and there could, therefore, be no notice to such an attorney, it was necessary to serve it upon the party to be affected by the amendment. There is no allegation, however, that there was such a service, nor is it anywhere alleged that a service upon an attorney of a corporation is such a service as will give the court jurisdiction over it. In this view of the case it is not necessary for us to determine whether the rule of court alluded to is in violation of the terms of the procedure Act of May 25, 1887, P. L. 271, in which it is provided that, in default of a plea, the plea of the general issue may be entered by the court on motion of the plaintiff.

It is said in Leonard v. Parker, 72 Pa. 236 : " When the name is added, if without previous notice or appearance to the rule, of course the party must be brought into court by an alias summons, or perhaps by a rule to appear and plead. This done, the party added is thenceforth a party to the record, and his rights are to be affected from the time he is thus fully in court, as in cases of parties originally summoned." It follows, of course, that, if the party has not been brought into court in the manner indicated, his rights cannot be affected as in cases of parties originally summoned.

We are, therefore, of opinion that the rule to show cause why the amendment should not be made should have been discharged, and, as the appellant is not properly upon the record, no judgment could be entered against it.

It is not, in our opinion, necessary to determine now whether the Baltimore & Ohio Railroad Company could have been brought upon the record after appeal by an amendment, even by proper service, in an action for a penalty by summary proceeding before a magistrate.

Judgment reversed and amendment stricken off.