MARY J. DORAN ET AL, RESPONDENTS, v. THE CITY OF
ASBURY PARK ET AL, APPELLANTS.

Submitted March 25, 1918—Decided June 18, 1918.

1. It will not avail an appellant to take a general exception to the
   charge of the trial judge.  In order to have the exception con-
   sidered by the appellate tribunal it must appear that the atten-
   tion of the trial judge was specifically called to the matter
   challenged as erroneous.
2. The exemption of a municipal corporation from action by in-
   dividuals suffering special damage from its neglect to perform or
   its negligence in performing public duties, whereby public wrong,
   for which an indictment will lie, is done, does not extend to
   actions where the injury is the result of active wrong-doing,
   chargeable to the municipal corporation.
3. The fact that a municipality had performed a lawful and neces-
   sary work, in a manner not injurious to the public, does not
   relieve it from the liability to persons injured for active wrong-
   doing.

4. A municipality has no right, by artificial drains, to divert surface water from the course it would otherwise take, and cast it, in a body large enough to do substantial injury, on land where, but for such artificial drain, it would not go.

On appeal from the Monmouth Circuit Court.

For the appellants, *Durand, Ivins & Carton.*

For the respondents, *Ward Kremer.*

The opinion of the court was delivered by

KALISCH, J. The plaintiffs below, five in number, joined in one action against the city of Asbury Park and Ocean Grove Camp Meeting Association of the Methodist Episcopal Church, the defendants below, to recover damages, resulting from water being backed up on their premises and into their cellars through the erection by the defendents of a detrius tank, flume and straightway, at the head of Wesley lake, when laying out a new road from Bond street, in Asbury Park, to Main street, in front of Ocean Grove.

The jury found a verdict for the plaintiffs and assessed the damages as follows:

In favor of Mary J. Doran and John Doran, $300; Elizabeth Woehrer, executrix, $80; individually, $160; Frederick Woehrer, $60, and Louis Weidman, $157.32. A judgment was entered upon this verdict, from which an appeal has been taken to this court.

The plaintiffs were entitled to join in the action under section 4 of the new Practice act, there being a common question of law and fact arising out of the same transaction.

Although there are thirteen grounds of appeals set forth in the record, the only two relied on and argued in the brief of counsel for appellants relate to and challenge the legal propriety of the rulings of the trial judge in refusing appellants' motion for a nonsuit at the close of the plaintiffs' case, and for a direction of a verdict for the defendants at the close of the entire case.

As both of these motions involve the same legal question they will be considered together. Before doing so, it may be well to mention that an effort is made to raise the like legal question on an exception taken to the charge of the trial judge, but as the exception taken is too broad and failed to point out with any degree of specificness to the trial judge what particular proposition of law laid down by him was erroneous, it will not be considered. It will not, therefore, avail an appellant to take a general exception to the charge of the trial judge. In order to have the exception considered by the appellate tribunal, it must appear that the attention of the trial judge was specifically called to the matter challenged as erroneous. *Kargman* v. *Carlo*, 85 *N. J. L.* 632; *Miller* v. *Delaware River Transportation Co., Id.* 700.

The contention of counsel of appellants is that the defendants cannot properly be held liable for damages sustained by them by reason of the overflow and backing up of the waters on their property and into their cellars, because the building of the detrius tank, flume and straightway by defendants at the head of Wesley lake which caused the water of the lake to be diverted from their natural flow, was the prosecution of a public work necessary to be done.

This position is untenable and in direct conflict with the settled law of this state.

Mr. Justice Trenchard, in *Kehoe* v. *Rutherford*, 74 *N. J. L.* 659, speaking for this court (on *p.* 661), states with clearness and accuracy the legal principles which must control the situation presented by the facts of the case *sub judice.* He says: "But it is also a rule of law of equal importance that the exemption of a municipal corporation from actions by individuals suffering special damage from its neglect to perform or its negligence in performing public duties, whereby public wrong is done for which an indictment will lie, does not extend to actions where the injury is the result of active wrong-doing chargeable to the corporation," citing cases.

"It is also the settled law of this state that a municipality has no right, by artificial drains, to divert surface water from

the course it would otherwise take and cast it, in a body large enough to do substantial injury, on land where but for such artificial drain it would not go," citing cases.

The fact that the defendant municipalities had performed a lawful and necessary work in a manner not injurious to the public does not relieve them from liability to persons injured from active wrong-doing, and since there was testimony in the present case tending to show that the work done by the defendants caused a diversion of the waters of the lake and it to overflow to the special injury of the plaintiffs, it was at least some evidence of active wrong-doing, and, hence, sufficient to warrant the refusal of the trial judge to take the case from the consideration of the jury.

Whether the water which backed up on the plaintiffs' lands and flowed into their cellars was the natural flow of surface water, as claimed by defendants, presented a question of fact for the decision of the jury and is not reviewable here.

Judgment is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.