# Bergman *v.* Straus et al., Appellants.

*Appeals — Interlocutory orders — Foreign attachment — Act of April 26, 1917, P. L. 102.*

1. Interlocutory orders are not the subject of review until after final judgment, unless expressly made so by statute.

2. Quaere does the Act of April 26, 1917, P. L. 102, allowing an appeal from an order quashing or refusing to quash a writ of foreign attachment, apply to an order refusing to quash the attachment itself.

*Amendments—Benefits of an improper allowance—Estoppel.*

3. One who takes a benefit under an amendment cannot afterwards complain that the amendment was improperly allowed.

*Foreign attachment—Amendments—Parties—Practice, C. P.— Dissolution—Act of June 13, 1836, P. L. 583.*

4. One who is made a defendant by amendment and as such enters security and dissolves a foreign attachment under Section 62 of the Act of June 13, 1836, P. L. 583, allowing defendants so to do, cannot afterwards complain that the amendment was improperly allowed.

5. An objection to a writ of foreign attachment that there is no such corporation defendant as is named in the writ, will not be sustained if the party making it has been substituted as defendant in place of the corporation, and has taken advantage of a right given only to defendants.

6. A foreign attachment which has been dissolved by the entry of security has ceased to exist, and cannot thereafter be quashed.

7. When a defendant enters security and dissolves a foreign attachment the action must proceed in due course in like manner as if commenced by a writ of capias ad respondendum, and the writ cannot thereafter be quashed.

Argued March 26, 1919. Appeal, No. 294, Jan. T., 1919, by defendants, from orders of C. P. No. 2, Philadelphia Co., Dec. T., 1918, No. 188, allowing amendment and refusing to quash a writ of foreign attachment, in case of A. Bergman, trading as Bergman Knitting Mills, v. Lionel F. Straus and Sidney Weinburg, trading as F. A. Straus & Company. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Rule to amend.
Rule to quash writ of foreign attachment.
The court allowed the amendment and refused to quash the attachment. Defendants appealed.

*Errors assigned* were the two orders of the court.

*Julius C. Levi,* for appellants.—It is the contention of the appellants that no amendment, as sought by the plaintiff, should have been allowed : White Co. v. Fayette Auto Co., 43 Pa. Superior Ct. 532; Girardi v. Laquin Lumber Co., 232 Pa. 1; Wright v. Cooper Co., 206 Pa. 274; Tonge v. Item Pub. Co., 244 Pa. 418; McGinnis v. Valvoline Oil Works, 251 Pa. 407.

Therefore, as it appeared of record that the proceedings were improperly brought, and the property attached did not belong to the corporation of F. A. Straus & Company, which was designated as the defendant, the court below should have quashed the attachment upon the authority of the cases of Nicoll v. McCaffrey, 1 Pa. Superior Ct. 187; Turner v. Larkin, 12 Pa. Superior Ct. 284; Mindlin v. Saxony Spinning Co., 261 Pa. 354.

*Harry Felix,* with him *Bernard A. Illoway* and *Abraham Friedman,* for appellees.—Statutes permitting

amendments are liberally construed to give effect to their intent to prevent a defeat of justice through a mere mistake as to the parties or form of action.

Consequently, if the proper party is actually in court and the effect of the amendment is merely to correct the name under which he has been sued, an amendment should be allowed: Wright v. Eureka T. Copper Co., 206 Pa. 274; McGinnis v. Valvoline Oil Works, 251 Pa. 407; Rushland v. Alexander, 19 Pa. C. C. R. 577; Jeannette Borough v. Roehm, 9 Pa. Superior Ct. 33; Jeannette Borough v. Roehm, 197 Pa. 230; Wright v. Millikan, 152 Pa. 511; Schollenberger v. Sheldonridge, 49 Pa. 83; Com. ex rel. v. Dillon, 81 Pa. 41; Coyne v. Lakeside Electric Ry. Co., 227 Pa. 496.

OPINION BY MR. JUSTICE SIMPSON, April 21, 1919:

Plaintiffs issued a writ of foreign attachment against F. A. Straus & Company, a corporation, which was returned attached as commanded, summoned the garnishee and nihil habet as to defendant; appellants filed a petition averring there was no such corporation, but they composed a partnership of that name, and for that reason only moved to quash the attachment; plaintiffs moved for leave to amend by substituting appellants trading as F. A. Straus & Co., as defendants; the court below allowed the amendment, which was duly made, and discharged the motion to quash; appellants thereupon entered security and dissolved the attachment, and two days later prosecuted the present appeal assigning as errors that the court below erred in allowing the amendment, and in refusing to quash the attachment.

As the suit is still pending and undetermined in the court below, and no final judgment has been entered therein, the orders appealed from are interlocutory, and cannot be reviewed at this time (Richardson v. Richardson, 193 Pa. 279; Bellah v. Poole, 202 Pa. 71), unless the Act of April 26, 1917, P. L. 102, changes the practice in so far as the motion to quash is concerned. By

its terms, however, it only relates to quashing or refusing to quash a writ of foreign attachment, whereas the motion in this case was not to quash the writ but the attachment, which latter may be overthrown for reasons wholly inapplicable to the former, as, for instance, where the service of the writ is improper: Penna. R. R. Company v. Pennock, 51 Pa. 244; or there is a lack of certainty in the affidavit of cause of action: Mindlin v. Saxony Spinning Co., 261 Pa. 354. It is not necessary, however, to pursue this matter further, for the same result would be reached if both matters were now reviewable.

When in accordance with the allowance of the court below the record was amended to make appellants parties defendant, they had the option of assenting to that action and acting under it, or of refusing to recognize it as valid, but they could not do both. In the present instance they did the former, for they entered security and dissolved the attachment: Sec. 62, Act June 13, 1836, P. L. 583. It was only after they had obtained this benefit as defendants, they took the appeal from the order making them so. They were then estopped by the record from complaining thereof. So also,—even if we assume appellants had a standing to move to quash an attachment not issued against them personally,—having affirmed the action of the court below in making them defendants, they no longer had a basis for their only objection to the attachment, namely, that there was no such corporation as was therein named as defendant. The objection fell also when they dissolved the attachment, for that which had ceased to exist could not be quashed; and for the further reason that by Section 62 of the Act of 1836, above referred to, when an attachment is thus dissolved "the action shall proceed in due course, in like manner as if the same had been commenced by a writ of capias ad respondendum," the bail standing in the place of the property attached, whereas the purpose of the motion to quash is to end the proceedings forever.

The orders appealed from are affirmed.