## Karcher et ux. v. Downes

*Clarence E. Hall,* of *Orr, Hall & Williams,* for plaintiffs.

*John B. Martin,* for defendant.

ROSEN, J., February 8, 1938.—An action in trespass was instituted in the above case on September 30, 1937, to recover for damages sustained by plaintiffs, who are husband and wife, as a result of a collision between two automobiles, one driven by Walter T. Karcher, one of the plaintiffs, and the other by defendant, William J. Downes. Defendant issued a sci. fa. to join Walter T. Karcher, one of the plaintiffs, as an additional defendant. This sci. fa. was stricken from the record upon rule of plaintiff on the authority of Shapiro v. Philadelphia et al., 306 Pa. 216, and Jones et al. v. Wohlgemuth et al., 313 Pa. 388, in each of which cases the Supreme Court held that the purpose of the Sci. Fa. Act of April 10, 1929, P. L. 479, was to bring upon the record those not already there, either as plaintiffs or defendants.

The present petition is by Eleanor A. Beal, who was an occupant of the car driven by plaintiff, Walter T. Karcher, at the time of this accident, and sustained injuries as a result thereof. She desires to join in the present suit as a plaintiff under the provisions of the Act of June 25, 1937, P. L. 2072, which provides:

"Section 1. Be it enacted, etc., That all parties who have a right of action, whether jointly, severally or in the al-

ternative, in respect of, or arising from, the same transaction or series of transactions, and whose actions would give rise to any common question of law or fact, may join, as plaintiffs, in one civil action.

"Section 2. If, in any such action, it shall appear that the joinder of the plaintiffs will complicate, prejudice or delay the trial of such action, the court, on petition or on its own motion, may order separate trials, or make such other order as it deems expedient and proper.

"Section 3. In every such action, separate verdicts shall be rendered and judgments entered as to each plaintiff."

Similar statutory provisions are in force in England and Canada and in some jurisdictions in the United States: 47 C. J. 59, sec. 119; Civil Practice Act of October 21, 1921, Laws of N. Y., sec. 209; Act of March 28, 1912, Laws of N. J., p. 377, sec. 4. Provisions of this character have been held to apply to actions in tort as well as actions upon contracts: 47 C. J. 59, sec. 119; The Metropolitan Cas. Ins. Co. of N. Y. v. Lehigh Valley R. R. Co., 94 N. J. L. 236, 109 Atl. 743; Akely v. Kinnicutt, 238 N. Y. 466, 144 N. E. 682; Doran et al. v. The City of Asbury Park et al., 91 N. J. L. 651, 104 Atl. 130; Waterbury et al. v. Public Service Electric & Gas Co. etc., 12 N. J. Misc. 362; Spetler, etc., et al. v. Jogel Realty Co., Inc., 224 App. Div. 612 (N. Y. 1928).

The act requires as conditions of its application, first, that the right to relief alleged to exist in each plaintiff should be in respect of or arise out of the same transaction, and, second, that there should be a common question of fact or law. The right of action in petitioner and the Karcher plaintiffs arises out of the same transaction, that is, the same accident. They have a common question of fact, namely, how the accident happened, and also, a common question of law, to wit, defendant's liability therefor. They thus fulfil the requirements of the act permitting a joinder.

There is, therefore, no question that these actions could have been joined originally. We see no reason why the petitioner may not be joined after suit is instituted. It is true that if a separate action were brought by Eleanor A. Beal, defendant in such action could have brought upon that record Walter T. Karcher as an additional defendant, and that by permitting Eleanor A. Beal to join as a plaintiff in the present suit, defendant will be prevented from so doing, because Walter T. Karcher is already a party plaintiff. We do not think, however, that this is a sufficient reason for refusing to permit the joinder. If it is permitted, defendant will be in no different position than he would have been had the two suits been originally joined.

Defendant contends that the joinder should not be permitted, because there is no procedure in Pennsylvania allowing an action to be instituted on a petition. Be that as it may, we do not think the objection is well taken. This is not an attempt to add a defendant to the record, in which case an alias summons would be necessary to bring him into court: Pittsburg v. Eyth, 201 Pa. 341; Barrilo et al. v. Frank et al., 116 Pa. Superior Ct. 461. Defendant is already in court because a summons has been issued and served upon him. Once in court, he is bound by orders made in the cause. All defendant can require is notice of this petition and of the order of this court made thereon. Petitioner is not seeking to institute a new suit, but to join as a party plaintiff in an existing action.

The purposes of the act here in question are, as far as they concern actions for negligence, to avoid a multiplicity of suits for the same wrongful act; to prevent apparently inconsistent verdicts upon the same issue; to save the unnecessary expenditure of the public moneys for repeated trials of the same question, and to protect defendants from a multiplication of costs in repeated defenses of the same issue. Acts of this character should, therefore, be construed liberally to effectuate their plain beneficent

purposes. Defendant is already in court by proper legal process to answer for his alleged act of negligence, and to permit all parties wronged by that act to intervene to assert their rights in a single trial benefits defendant rather than injures him; and, if it should appear that a single trial will complicate, prejudice, or delay the litigation, the second section of the Act of 1937, supra, gives us the power, by ordering separate trials, to protect the parties from such undesirable consequences.

There is no question of the statute of limitations involved in this case. The accident is alleged to have happened on August 1, 1937.

It is therefore ordered that the rule to show cause why Eleanor A. Beal should not be permitted to join as plaintiff in this action be and the same is hereby made absolute, and the said Eleanor A. Beal is hereby added as a party plaintiff in this case with the same force and effect as if she had been a party plaintiff when this suit was first instituted.