The Court, Per,
Hornblower, C. J.
Several reasons have been assigned why a rule to show cause ought to be granted in this case; and if we entertained any doubt upon either point, we would' certainly grant the rule. As however, we are clearly of opinion, there is nothing in either of the objections, it would be contrary to our duty to subject the parties to the delay and expense, incident to such a rule.
1. It is objected, that the Judge admitted evidence, of the sayings and doings of an alleged agent of the defendant’s, before any proof whatever of such agency had been given. This was certainly an irregularity; and if no evidence had afterwards been given to establish the agency, it would have been fatal to the verdict, unless the Judge before submitting the cause to the jury had distinctly overruled the evidence, and told the jury they were not to regard it. And even then, it would perhaps be a proper ground for granting a new trial, unless it very satisfactorily appeared, that the jury had rendered just such a verdict, as they probably would and ought to have done, if such irregularity had not been committed. But, as in this instance, evidence abund *301 antly sufficient to go to the jury, was afterwards given, that the person, whose doings and sayings had been proved, was the duly constituted agent of the defendant, and fully authorized to act for hint in the premises : the Court ought not to grant this rule, merely on the ground, that the acts of the agent were suffered to be proved, before his agency had been established. We cannot see, that any possible prejudice could have resulted to the party from this circumstance. It is a settled rule of law, that, if upon the whole case, it appears that justice has been done ; or that the jury have found just such a verdict as they ought and as they might with propriety have done,if unlawful evidence had not been admitted, the court will not grant a new trial, merely, because the Judge erred in admitting such unlawful evidence. In such case, it is manifest, that no harm has been done.
But there is another answer to this objection. The Judge reports, that no such evidence was given under his decision. That though he agreed to admit the evidence; yet when the witness was about to state what the agent had done and said, he was asked by the defendant’s counsel, if it was an offer of compromise : the witness answered, that it was; and thereupon the evidence was excluded; and, that in point of fact, no evidence of what the agent had said and done, was given until after his agency had been proved by another witness, except so far as it came out on the cross examination by the defendant’s counsel oi a previous witness. If this is a true history of the cause, the objection entirely fails, and the Bill of Exceptions which had been sealed on that point, ought to be given up.
2dly, It is objected, that the agent himself, ought to have been called, instead of proving by third persons, what he had said and done. Ho doubt, he was a competent witness for either party; but if he was the authorized messenger or agent of the party; (and whether he was so or not, was a question for the jury upon •the evidence on that point,) then his acts and his sayings, so far as they were a part of the res gestae, were competent evidence. They were in fact the doings and sayings of the defendant himself: qui fcieit per alium.facit per se. The defendant might have called the agent to explain what he had said, or to contradict the witness. There is nothing therefore in this objection.
3dly, The next reason assigned is, that there was a variance *302 between the particular and the evidence given under it. The particular was for cash lent on the 1st of July. The evidence was, a written acknowledgment, dated the 2d of July, signed by the defendant, that he had received funds of the plaintiff’s to the amount of twelve hundred dollars ; out of which he was to pay off a certain note for eight hundred dollars, given by the plaintiff, and to return him the remaining four hundred dollars. I state the legal meaning and effect of the writing ; not having it before me, I cannot recite it in hcec verba. There is certainly nothing in this objection. The writing was mere written evidence, that he had borrowed the plaintiff’s funds to a certain amount, and of the manner in which ho was to repay it. These bills of particulars are intended to apprise the adverse party, of the claims intended to be set up. But, they are no part of the pleadings in the cause, and need not be technical. They ought not to be converted into nets of form, to embarrass the trial of a cause, and defeat the administration of justice. If the variance between the particular and the evidence offered, is such, as upon its very face to mislead the party; such as the court, and every intelligent reader of the particular, must have understood as meaning something else, than that which is offered in evidence, the evidence ought to be rejected. But a trifling variance in date, or difference in amount, or stating it as cash lent, when it was funds borrowed and to be returned in a certain way, ought not to exclude the evidence, unless the party objecting will satisfy the court, he has been misled by it. If, for instance, the defendant had put in an affidavit to that effect: stating, that he had not understood the particular as referring to the funds mentioned in that writing, and that, if he had done so, he could have explained the transaction in some other way, it ought to have been rejected. This was not done, nor offered to be done. The difference of date was relied on by the defendant; when in fact these funds may have been lent on the first of July, and the writing made on the second, or there may have been an error in the date of the particular or in the writing. The writing was good evidence of money lent, or funds put into the hands of the defendant, to be repaid in a certain manner; and it would be a reproach to the administration of justice, to reject the item altogether, for a mere *303 variance of one day in the date, or because the writing or- evidence of the loan, was not copied verbatim in the particular.
4thly, It is objected, that the writing was a special agreement, and per se, the foundation of a special action on the case. This is a mistake. Suppose it was a special agreement; yet it was such an agreement, that upon non-performance of it, the plaintiff might have had assumpsit, for money had and received, or upon a mutuatus. The promise was to apply part of the money to the plaintiff’s use, and to “ return ” the balance to him : and upon defendant’s failing to do so, it became money in his hands for the plaintiff’s use: and consequently recoverable in this action.
5thly, It was objected, that the court ruled out some checks drawn by the defendant, payable to the plaintiff or his order, on which, plaintiff had received the money, as appeared by his indorsements on the checks.
In my opinion, the only error committed by the judge, in relation to the checks, was in admitting some of them in evidence, together with the check book. If a man can pay his debts by way of set-off, by simply producing his notes and checks which have been paid to the plaintiff, without showing for what they had been given; then he can maintain assumpsit upon the mere production of such vouchers: and thus after paying his creditor, by giving him his notes or checks, as soon as he gets them back into his own hands, they instantly become evidences of so much money due him from his creditor. He can then sue the man to whom he had given such notes and checks in payment, and must inevitably recover back the money, unless the defendant is fortunate enough to be able to explain the transaction, and prove, that they had been given to him in satisfaction of a pre-existing debt due from the plaintiff to him. Such a doctrine would unsettle the very foundations of business, and spread consternation in society. There is scarcely a man in the community, who within the last six years has not received more or less money upon notes, and checks given to him by his debtor, and who if now sued on them for so much money had and received, would be totally unable to prove at this day, on what account he had received such payments.
Instead of such notes and checks, in the hands of the drawer of them after payment at the bank, being prima facie evidence of *304 so much money lent or advanced by the drawer, to the pajme; as seems to have been held in Egg v. Barnett, 3 Esp. R. 196, such notes and checks, are only prima faoie evidence, that the maker of them, was indebted to the payee at the time he gave the note or check, in the sum mentioned in it, and that it was given in satisfaction of that specific debt. And such presumption will stand, until the party producing the voucher, can show that it was money lent, or money paid on some particular account. It was decided so in Aubert v. Walsh, 4 Taunt. 293, and as Chambers, Justice, there says, “all our accounts would be in inextricable confusion,” were the rule otherwise. This too, was the view taken of this subject, by this court, in the case of Redway v. Grant and McKelway; and see, Carey v. Gerrish, 4 Esp. R. 9; Chitty on Bills, 435; and 2 Stark, evid. 184; “ Bills of Exchange &e.” In Aubert v. Walsh, Mansfield, Chief Justice, said he was sure he remembered a case in which Lord Mansfield had decided, that a cheek was not sufficient, without proof of the consideration upon which it had been given.
In admitting the check book, we think the judge was wrong. In was evidence of the party’s own making. A man might pay his debts or create debtors to himself, very easily, by writing in the margin of his check book the object or use for which his checks had been issued, if such evidence was admissible. But as the defendant had the benefit of that error, he cannot complain.

Mule refused.

Cited in Runk v. Ten Eyck, 4 Zab. 758.