HARRY R. WILSON, ADMINISTRATOR, &c., OF JOSEPH CURRIE, DECEASED, PLAINTIFF AND APPELLEE, v. JOHN H. CLEAR, DEFENDANT AND APPELLANT.

Submitted December 4, 1913—Decided March 17, 1914.

1. An action is "commenced and sued" within the meaning of the statute of limitations (*Comp. Stat., p.* 3162, § 1), as soon as the summons is signed and sealed in good faith, for the purpose of immediate service, and that purpose is not afterwards abandoned.

2. Any witness acquainted with the handwriting of a person, by having actually seen such person write, may testify as to whether or not, in his opinion, a writing produced in evidence was written by such person.

3. Where, in an action upon a promissory note, purporting to have been made by the defendant to the plaintiff's intestate, and found among the intestate's papers, and the defendant himself testified that he did not sign the note and that it was a forgery, and that issue was determined against him, the judgment for the plaintiff will not be reversed upon the theory that there was no proof that there was anything due upon the note.

---

On appeal from the District Court of the city of New Brunswick.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the appellant, *Thomas Brown.*

For the appellee, *William A. Spencer.*

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a judgment for the plaintiff, rendered by the judge, sitting without a jury, in an action brought upon a promissory note purporting to have been given by the defendant to the plaintiff's intestate.

It is first argued that the action is barred by the statute of limitations.

We think not. The note fell due April 3d, 1907. The summons was signed and sealed by the clerk of the court on April 2d, 1913, and was served upon the defendant April 4th, 1913.

Our statute of limitations (*Comp. Stat., p.* 3162, § 1) provides that such an action "shall be commenced and sued within six years" next after the cause of action shall have accrued, and not after.

An action is "commenced and sued" within the meaning of the statute of limitations (*Comp. Stat., p.* 3162, § 1) as soon as the summons is signed and sealed in good faith, for the purpose of immediate service, and that purpose is not afterwards abandoned. *Whitaker* v. *Turnbull,* 3 *Harr.* 172; *Updike* v. *Ten Broeck,* 3 *Vroom* 105; *Lynch* v. *New York, &c., Railroad Co.,* 28 *Id.* 4.

Tested by that rule this action was "commenced and sued" on April 2d, 1913, and hence is not barred by the statute of limitations.

The next contention is that there was no evidence that the signature to the note in suit was the signature of the defendant. But an examination of the record shows that this contention is not well founded in fact. Upon further examination of the defendant's brief we see that his contention

really is that the testimony of the witness that, in his opinion, the signature upon the note was that of the defendant was inadmissible. But that contention is erroneous in law. The witness testified that he was acquainted with the defendant's handwriting by having actually seen him write, and it was competent for him to testify as to whether or not, in his opinion, the signature upon the note was the signature of the defendant. *Tayl. Ev.,* §§ 1862, 1867.

It is next argued that the judgment should be reversed because there was no proof "that there was anything due upon the note." But the note in suit purported to be made by the defendant to the plaintiff's intestate, and was found among the intestate's papers. The defendant himself testified that he did not sign the note and that it was a forgery, and that issue was determined against him. In this state of proof the plaintiff's judgment cannot be reversed upon the theory that there was no proof that there was anything due upon the note.

This, in effect, disposes of every objection to the judgment meriting consideration.

The judgment will be affirmed, with costs.