MARIETTA RATHBUN, ADMINISTRATRIX OF THE ES-
TATE OF FRANK RATHBUN, DECEASED, RESPOND-
ENT, v. BRUNO BRANCATELLA, APPELLANT.

Submitted December 9, 1918—Decided July 20, 1919.

In an action for damages, resulting from an automobile collision, with a pedestrian, one of the questions at issue was the owner-ship of the car.  A bystander observing the number called it out aloud to another bystander, who at once made a written note of it, and gave it to a police officer, within fifteen minutes there-after.  The testimony of the latter two witnesses upon the sub-ject of the identity of the number was objected to as hearsay, but the testimony was admitted.  *Held*, its admission was proper as relating to a collateral and incidental inquiry, bearing upon the question of identity, viz., whether the number called out by the first bystander and heard by the second was the same which was transmitted by the latter to the police officer, and by him reported to police headquarters.

On appeal from the Hudson County Circuit Court.

For the respondent, *Mark Townsend, Jr.*

For the appellant, *Pomerehne & Laible.*

The opinion of the court was delivered by

MINTURN, J.  The husband of the present plaintiff, while attempting to cross Fourth street at Avenue C, in Bayonne, was struck by defendant's automobile, proceeding at a high rate of speed, while being driven by his chauffeur.  As a re-sult of the collision the deceased suffered the injuries from which he died, and a jury at the Circuit, to whom the con-sideration of the facts was submitted by the trial court, found the defendant guilty of the negligence alleged against him, and from that verdict this appeal was taken upon the ground that the court refused either to grant a nonsuit or to direct a verdict.

Upon consideration of the facts we have concluded that the trial court was correct in its rulings in these respects, and that the verdict must stand unless the exceptions taken to the admission of certain evidence are legally supportable. One Menandier, a bystander, attracted by the noise of the impact, observing the character and color of the license plate upon the colliding machine, called out, in a loud voice, to Miss Sullivan, another observer, a school teacher, and the daughter of a resident in the locality, the number he had observed. She, for the purpose apparently of remembering the number, entered her home and wrote the number upon an envelope.

For some time she retained the envelope, and used it as a reference for the purpose of enabling her to testify at various proceedings emanating from the accident. After some time, thinking the envelope of no future value, she destroyed it during a process of house cleaning. Among others she imparted the number to a police official—Officer Grant—within ten or fifteen minutes after the accident, and he reported it at police headquarters. Within a week after the accident, Menandier gave a similar statement to the police department. An agent of the state department of motor vehicles identified the number thus transmitted as the number of the defendant's car. It is urged, now, as it was below, that the testimony of Miss Sullivan and Officer Grant was hearsay and was inadmissible. The question propounded at the trial, and the theory upon which the testimony was admitted, was not whether the number thus transmitted afforded legal proof of the ownership of the particular plate or number by the defendant, but whether as a fact the number transmitted by Menandier was the number recorded by Miss Sullivan, and by her transmitted to Officer Grant.

Its logical and evidential effect upon the substantive proof of ownership of the car, which was the question at issue, was entirely of an incidental or collateral character, in a sequence of circumstances, not directly connected with the main proof before the jury.

In this light it was admissible and not within the category of hearsay testimony. Upon a collateral inquiry of this character, it has been laid down that the rule requiring the production of the best evidence does not obtain where the inquiry or the production of the document involved is only incidentally or collaterally involved in the controversy.   10 *R. C. L.* 55, and cases cited; *Foulcom* v. *Johnston,* 102 *N. C.* 264; *Dixon Company* v. *Myers Company,* 71 *W. Va.* 715, cited with annotations in *Am. & Eng. Ann. Cas.* 1914, *c.* 115.

Professor Greenleaf enunciates that such testimony is admissible in the sound discretion of the trial court.   1 *Greenl.* 124.

He declares it to be not hearsay, but original evidence, the question in fact being whether the declaration was in truth made, and not its truth or falsity.   *Id.* 123.

Professor Wigmore, collocating this character of proof under the generic classification of *res gestæ,* subclassifies it with scholastic accuracy, under the terminology "Spontaneous exclamations," attributable to the parties or attributable to a bystander, arising from "that nervous excitement which renders an utterance admissible equally for a mere bystander, as well as for the injured or injuring person."   3 *Wigm.* 1775.

He cites from *Milne* v. *Lerster,* 7 *H. & N.* 786, in elucidating the remarks of Chief Baron Pollock, that "courts so far as they can, are disposed to receive in evidence whatever can throw any light on the matter in issue.   *   *   *   No doubt, for that reason, in the case of an exclamation by any one in a crowd, when an accident occurs, and the conduct of a particular person is in question, it may be asked whether some one in the crowd did not cry out 'shame.' "

The case of Lord George Gordon, and the admission of the incidental cries of the mob as they accompanied him to the parliament house, present themselves as a familiar illustration of the application of the doctrine in a state trial involving treason.   *Rex* v. *Gordon,* 21 *How. St. Tr.* 514.

So, in the case of the Parnell Commission, Sir J. Hannan,

answering the objection of Sir Charles Russell, that the reports of outrages by peasants to the constabulary were hearsay, and not within the rule of *res gestæ*, said: "The fact that a particular report had been made by a person in the discharge of his duty, was admissible in evidence, not that the contents should be taken as evidence of the facts to which it related. There is a broad distinction between a thing being merely admissible in evidence and its being taken as proof of the facts alleged."

In consonance with this rule it has been held that where a witness testified that he made a correct report of a matter to another, at a certain time, but does not remember the exact facts reported, the testimony of the person to whom the report was made is admissible to show the facts reported. *Hart* v. *Atlantic Coast Line R. R. Co.,* 144 *N. C.* 91; *S. C.,* 12 *Am. & Eng. Ann. Cas.* 706.

So, also, it is declared that where a witness testified that he truly stated to another a fact which he has since forgotten, he thereby renders competent the testimony of that person as to what the forgotten statement actually was. 15 *Cyc.* 1198, and cases; 1 *Ell. Ev.* 389, and cases.

In *Shear* v. *Van Dyke,* 10 *Hun* (*N. Y.*) 528, where the testimony involved the forgotten declaration of a witness as to the number of loads of hay delivered at a certain time, the court says: "The witness noted the number of loads taken in at the time, and, as he stated, gave the number truly to the plaintiff. Now, the latter might state the number so sworn to have been given him. The evidence sought from him was original evidence. The question was as to the declaration made to him; not as to its truth or falsity. In this view it was not hearsay evidence."

The learned editor, in 16 *Cyc.* 1198, further exemplifying the rule, says: "The course is the same in other cases where the testimony of two witnesses is necessary to a complete statement. For example where an interpreter swears that he truly translated certain evidence to a court stenographer, the court stenographer may then swear that he has truly reproduced the statements made to him." It is upon the recogni-

tion of this principle of procedure that parol evidence of papers and documents not in issue in the case has been admitted for the purpose of identifying them. *West* v. *State,* *22 N. J. L.* 212.

When, therefore, Menandier testified that he called out a number to Miss Sullivan, and she testified that she at once committed it to paper,.and remembered it from that fact, and from frequent iteration in judicial proceedings, and that she transmitted it to Officer Grant within a short time after she heard it called out, each of these witnesses was competent to verify the number, not for the purpose of furnishing substantive proof of the ownership of the defendant's car, but for the purpose of presenting the complete concatenation of circumstances, arising out of an incidental fact; and evidencing that in the transmission, the fact transmitted was identical, from its inception to its ultimate delivery at police headquarters.

Other questions are presented by the briefs, involving the agency of the chauffeur; his presence in the car; the characters upon the license plate; and the type of the car. These, however, presented questions of fact, and under the well-settled rule were for the jury, and were properly left to them.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.