FIRST NATIONAL BANK OF PHILADELPHIA, PENNSYLVANIA, PLAINTIFF-RESPONDENT, v. ERNEST STONELEY, DEFENDANT-APPELLANT.

Argued May 18, 1933—Decided September 27, 1933.

520

For the appellant, *Waddington & Mathews.*

For the respondent, *Cole & Cole.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. A judgment was entered in an action on a promissory note in the court below in favor of the plaintiff and against the defendant, the verdict having been directed by the trial court of the Cape May County Circuit of the Supreme Court and from this directed verdict the defendant below appeals.

There are twenty-four grounds of appeal set down for a reversal; some are expressly abandoned; others not having been argued will be considered as abandoned. *Sargeant Bros.* v. *Brancati,* 107 *N. J. L.* 84.

The plaintiff, First National Bank of Philadelphia, alleges in the first count of the complaint that the defendant, with others, made and delivered to the plaintiff their promissory note in the sum of $36,900, dated May 19th, 1931, payable to the order of themselves, on demand, at the said bank. A copy of the note was annexed as *Exhibit A.* It further alleges that the defendant, in writing, authorized another to sign

his name as maker and endorser of this obligation and that the donee of the power did so; that the plaintiff holds the note and that $350 has been paid on account. Demand for payment of the balance had been made and refused, and that there is due $36,550 with interest from October 1st, 1931.

The second count in the complaint alleges that the defendant, in 1928, then a director of the Citizens State Bank of Williamsport, Pennsylvania, in order to revive the impaired capital of that institution, negotiated a loan of $50,000 from the Susquehanna Trust Company of Pennsylvania, by executing and delivering a note for that sum, signed and endorsed by the defendant and other directors. Said note, it is alleged, was assigned, transferred, set over and delivered to plaintiff for a valuable consideration. Payments made on account had reduced the note to $37,900 and a renewal note for that sum was made and endorsed by the defendant and the others, dated July 21st, 1930, which was attached to the complaint and marked *Exhibit B*. Since the making of the note, it had been further reduced to the sum of $36,550, which sum plaintiff demands with interest from October 1st, 1931. The plaintiff abandoned the first count of the complaint.

At the end of the plaintiff's case defendant moved for a nonsuit upon the ground that the notes were not negotiable because (a) they were neither payable on demand nor at a fixed time; (b) because the holder having the right by the contract itself to call the notes forthwith for failure to furnish additional collateral, rendered the time for payment uncertain and not determinable, and (c) because the holder having the right by the contract itself to sell the collateral and apply the proceeds to the principal, therefore, there was no certainty as to the amount due.

There were further grounds for nonsuit urged that there was no proof of delivery of the obligation and that the plaintiff, by accepting the second note, set up in the first count, discharged the prior note set up in the second count.

The court denied the motion for nonsuit, holding that the plaintiff had made out a *prima facie case*. No evidence was

offered by the defense nor did the defendant appear and the court directed a verdict in plaintiff's favor as aforesaid.

The notes in question were secured by certain collateral, the holder having the right (a) to demand additional collateral and upon failure to comply with this demand within two hours the obligation became forthwith due; (b) in case of default to sell the collateral and apply proceeds to amount due.

The first point made by appellant is that the court below erred in refusing to strike out the complaint and in refusing to nonsuit plaintiff and that it was error to direct a verdict in favor of the plaintiff. These grounds for reversal are supported by this argument: 1. That the note sued is not a negotiable instrument because (a) it is not payable on demand or at a fixed or determinable, future time; (b) that it contains a provision that the holder may demand additional collateral and in default thereof makes the note fall due forthwith; (c) That it contained an agreement to give additional security and power of attorney.

Now the note itself shows that it was payable on September 22d, 1930. That is a fixed time. The provision that the holder may demand additional security or the note would become due and payable within two hours after failure so to do, does not render it non-negotiable. These promises to do additional acts are not absolute but are merely acceleration clauses and do no violence to the provisions of the statute but are well within them. Negotiable Instruments act, 3 *Comp. Stat., p. 3735, § 4, subdiv. 2.*

It is plain of course that if the additional collateral is not forthcoming the note will be due forthwith. This is a determinable, future time. *Cf. Strickland* v. *National Salt Co.,* 79 *N. J. Eq.* 182; also *Negotiable Instrument Act,* § 5, *supra,* which provides that the negotiable character of an instrument, otherwise negotiable, is not affected by a provision which gives the holder an election to require something to be done in lieu of payment of money. It has been held that such provision merely hastens the date of maturity. *First National Bank of Bridgeport, Connecticut,* v. *Black-*

*man*, 249 *N. Y.* 322; *City National Bank* v. *Roberts* (*Mass.*), 165 *N. E. Rep.* 471; *Springfield National Bank* v. *Jeffers* (*Mass.*), 165 *N. E. Rep.* 474. It is obvious, therefore, that the provision that the holder may demand additional security, makes it discretionary or optional with the maker or person bound as to whether or not the instrument shall be accelerated as to its due date. So likewise, a promise to give additional security in the instrument itself contains only an alternative right and not an absolute promise and such instruments therefore are negotiable. *Kennedy* v. *Broderick*, 216 *Fed. Rep.* 139; *Kobey* v. *Hoffman*, 229 *Fed. Rep.* 486.

Appellant further argues that the amount due is not certain. This argument is predicated on the provision that the holder of the note is privileged to sell the collateral and apply the sum realized in reduction of the principal. Section 5, Negotiable Instruments act, subdivision 1, provides that the negotiable character of an instrument is not affected by such a provision. Indeed the negotiability of a note is not impaired even by a provision that the collateral securing it shall be subject to the bank's lien for other indebtedness. *Chelsea Exchange Bank* v. *Warner*, 202 *App. Div.* 499; 195 *N. Y. Supp.* 419; *City National Bank* v. *Roberts* (*Mass.*), *supra*.

It follows therefore that the provisions attaching to this instrument did not affect its negotiability.

The further point is made that there was no assignment of the note in question to the plaintiff. The evidence is all the other way, the proof being that the plaintiff purchased the note for $50,000 and that thereafter it was reduced.

It is further argued that there was no consideration shown. This point fails for the reason that the note being negotiable in character, it is deemed *prima facie* to have been issued for a valuable consideration (*Cf. Negotiable Instruments Act*, § 24, *supra*); and every person whose signature appears thereto, to have become a party thereto, for value. Absence or failure of consideration is a matter of defense and here no defense was submitted. Consequently, presumption governs.

Next it is argued that there was no delivery of the note proved. It appears from what has gone before that the note

was negotiable and "where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." *Cf. Negotiable Instruments Act,* § 16, *supra.*

Appellant further contends that the acceptance of the note, pleaded in the first count of the complaint, in renewal of the note in suit (and pleaded in the second count) extinguishes liability on the part of the defendant since the note of May 19th, 1931, for $36,900, was in renewal of the note of July 21st, 1930, for $37,900. This begs the question. The evidence does not support the appellant's position. The first count, wherein the note was for the smaller sum of $36,900 dated May 19th, 1931, was expressly abandoned by the plaintiff. It was not proved or admitted in evidence; consequently it has no place in the consideration of the question herein presented. If what the appellant now says in argument is true, that the note for the smaller sum was accepted in the place and stead of the note in suit, and pleaded in the second count, evidence on that issue should have been presented. None was presented. The case closed with the presentation of the plaintiff's side. Consequently, the point has no substance.

The next point argued by appellant is the trial court erroneously admitted certain testimony and refused to strike other testimony. The testimony complained of was preliminary in character, admitted tentatively by the trial court upon the condition that it would be connected up and it was connected up with the proof of the note. The court admitted it only in this restricted fashion, and upon being connected up as it was, it became proper legal proof.

The next point is that the court admitted in evidence a cashier's check showing that $50,000 was advanced on the note in question. Certainly this was germane to the issue. The point has no merit.

It is next argued as a ground for reversal that the trial court permitted to be read into the record certain testimony which had been taken in a hearing on rule to show cause in

connection with this case. Counsel quarrels with the quality of the proof. The excerpt read into the record was the sworn evidence of the defendant himself taken on rule to show cause. It was not denied but that the defendant so testified. It did make out a *prima facie* admission of liability from the defendant's own lips. It was relevant. The defendant didn't appear at the trial to deny it and it was properly received.

Appellant next urges that the trial court admitted into evidence the note in question. The line of proof offered by the plaintiff to prove the note was subject to a constant barrage of objection by the defendant and it was his prerogative to do so but no proper exception was taken to the admission of the note in evidence so that the point is not now available as a ground of appeal. *Belperche* v. *Erie Railroad,* 111 *N. J. L.* 81, and *Ciccone* v. *Colonial Life Insurance,* 110 *Id.* 276. However, the note was legally proven and properly admitted. The correspondence that passed between the parties shows an admission of liability by the defendant.

The other points made are of the same general character and have to do rather with the technique of the presentation of proof by the plaintiff rather than substance.

We find no merit in the appeal and the judgment therefore will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.