41 N.J. Super. 249 (1956)
124 A.2d 601
CAROL MACBURNEY STORM AND CLARA YOUNG HILDRETH, AS EXECUTRICES OF THE LAST WILL AND TESTAMENT OF ADA B. STORM, DECEASED, PLAINTIFFS-RESPONDENTS,
v.
OTTO HANSEN, HERBERT W. MOORE AND LAURITZ H. HANSEN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued July 2, 1956.
Decided August 17, 1956.
*251 Before Judges GOLDMANN, SULLIVAN and BURTON.
Mr. Charles R. Hardin, Jr., argued the cause for the plaintiffs-respondents (Messrs. Pitney, Hardin and Ward, attorneys; Mr. Frank C. O'Brien on the brief).
Mr. John W. Griggs, argued the cause for the defendants-appellants (Messrs. Morrison, Lloyd and Griggs, attorneys).
*252 The opinion of the court was delivered by BURTON, J.S.C. (temporarily assigned).
In this action the court, sitting without a jury, rendered a judgment in behalf of the plaintiffs and against two of the defendants. On appeal the defendants urge (1) the trial court erred in receiving in evidence photostatic copies of checks in violation of the best evidence rule, (2) failure to prove the signature of the drawer of said checks, (3) lack of proof of an indebtedness owed to plaintiff, (4) failure of delivery of the notes so as to make them binding.
The plaintiffs, Carol MacBurney Storm and Clara Hildreth, as executrices under the last will and testament of Ada B. Storm, deceased, sued to recover judgment for $10,783.87, alleging in the first count of their complaint that said sum was the balance due on a loan of $14,300 to Lauritz Hansen, and in a second count that it was the balance due on three notes executed and delivered to decedent by defendants Otto Hansen and Herbert W. Moore as collateral security for the said loan to Lauritz H. Hansen.
The defendants admitted due execution of the notes, but in their affirmative defenses and counterclaim alleged that Mrs. Storm lent $12,300 to Otto Hansen and Herbert W. Moore on notes pursuant to a usurious agreement, and claimed repayment totalling $1,516.13. In the pretrial order, Lauritz Hansen was permitted to interpose as a further defense that the monies which he had received from Mrs. Storm was as the agent of Otto Hansen and Herbert W. Moore.
The court held that the plaintiffs had sustained their claim of advances to Lauritz H. Hansen and Otto Hansen, but only to the extent of $12,000, with credited repayments of $3,516.13, or a balance due of $8,483.87. The judgment is against Lauritz H. Hansen on the loan and against Otto Hansen on the notes. No judgment was rendered against defendant Herbert W. Moore, who was not served with process and is presently not a party to this appeal.
At the trial, over an objection by counsel for the defendants on the ground that insufficient foundation had been *253 laid therefor, the court received in evidence photostatic copies of checks in support of the allegation that the deceased advanced sums of money to the defendant Lauritz H. Hansen. These checks, one for $3,000 and another for $9,000, purportedly showed the maker to have been Ada B. Storm and the payee Lauritz H. Hansen. As a basis for the receipt of the photostats Robert P. Weil, a New York attorney, whose firm represented the executrices of the estate of Ada B. Storm, attempted to account for the failure to produce the original checks. He testified that he had turned over the originals to one Osborne, a handwriting expert in Montclair, that he had not received them back and could not find them in his office.
Photostatic copies of the checks are, at best, secondary evidence. The rule in New Jersey is that in order to prove the contents of a writing no other than the original is admissible, with certain exceptions. In Biehler v. Great American Indemnity Co., 127 N.J.L. 114 (Sup. Ct. 1941), speaking for the court, Justice Case stated:
"The theory on which evidence of a secondary grade is admitted is that the production of the primary evidence is out of the party's power. As a general rule, a party is expected to show that he has, in good faith, exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest and which were accessible to him."
The earliest exception to the rule was concerned with a failure to produce after notice to produce was given, which does not apply here. Seward v. Vandergrift, 3 N.J.L. 922 [Reprint 480] (Sup. Ct. 1812). Another exception occurs when the original is beyond the process of the court. Roll v. Everett, 73 N.J. Eq. 697 (E. & A. 1908). Here, apparently, the checks were in Montclair, New Jersey. Another exception, recognized by our courts, obtains when the secondary evidence is offered in proof of a collateral issue. Rathbun v. Brancatella, 93 N.J.L. 222 (E. & A. 1919).
Here it is clear that the plaintiffs failed to lay a proper foundation for the admission into evidence of the photostatic copies of the checks.
*254 In addition, the defendants allege error in allowing photostatic copies of the checks in evidence without proof as to the authenticity of the signature of the deceased drawer, Ada B. Storm. The proofs offered as to the genuineness of the signature came from the lips of Mr. Weil, who testified that he had occasion to examine books, records, papers, canceled checks and used check books belonging to deceased, and in addition the original checks. Counsel for the defendants objected on the ground that the signature of the decedent had not been proved by a properly qualified witness.
In West v. State, 22 N.J.L. 212, at page 241 (Sup. Ct. 1849), the court stated:
"The general rule of the common law, that handwriting is not to be proved by comparison, has been fully recognized in this state, and is not now questioned. The proof must be by a witness having proper knowledge of the party's handwriting, acquired either by seeing him write, or by correspondence or other business transactions with him, from which a personal knowledge of the character of the handwriting is acquired."
It seems clear that in order to qualify to identify handwriting or a signature, a witness must have seen the person write, or by correspondence and other business transactions with him obtained personal knowledge of the party's handwriting. Wilson v. Clear, 85 N.J.L. 474 (Sup. Ct. 1914); Hoisting Machinery Co. v. Goeller Iron Works, 84 N.J.L. 504 (Sup. Ct. 1913); Goldsmith v. Bane, 8 N.J.L. 87 (Sup. Ct. 1812).
The proofs tendered to qualify Mr. Weil to testify concerning the genuineness of the decedent's signature, we conceive, were inadequate. Opinions as to the genuineness of handwriting are, at best, weak and unsatisfactory evidence and we believe such proofs should be received only from one whose qualifications have been established strictly in accordance with our precedents.
The two remaining questions presented for consideration are, whether the presumption that the checks were in discharge of a debt was rebutted, and whether there was a delivery of the notes so as to make them binding under the *255 Negotiable Instrument Act. We feel that the argument of the appellants, in reference to these issues, is without merit.
The authorities hold that notes and checks, in the hands of the drawer after payment at the bank, are prima facie evidence that the maker of them was indebted to the payee at the time he gave the note or check. Such presumption will stand until the party producing can show that it was money lent or money paid on some particular account. Allen v. Bunting, 18 N.J.L. 299 (Sup. Ct. 1841); Sterry v. Fitz-Gerald, 95 N.J.L. 51 (Sup. Ct. 1920). It is significant in the present case that the checks and notes bore even dates and were for like amounts. Notations on check stubs have been held admissible as part of the res gestae to establish a loan. Schloss v. Trounstine, 135 N.J.L. 11 (Sup. Ct. 1946). The existence of notes bearing same date and in like amount with the checks is evidential to rebut the presumption of payment of a debt.
There was evidence which established that Otto Hansen had been the investment adviser of the decedent, and as such held two suit cases full of documents belonging to her. The court below concluded that for the purpose of establishing delivery, custody by Otto Hansen was possession by the testatrix. Where a negotiable note is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved. First National Bank of Philadelphia v. Stonely, 111 N.J.L. 519 (E. & A. 1933). As payee, Mrs. Storm was the holder under R.S. 7:1-2, and as a holder was deemed a holder in due course by virtue of R.S. 7:2-59, and as a holder in due course, a valid delivery was presumed. R.S. 7:2-16.
This review disposes of the questions argued which have been assigned for reversal. The judgment against Otto Hansen on the notes is affirmed. The judgment against Lauritz H. Hansen is reversed and remanded for a new trial against him in accordance with the above conclusions.