Roland YOKEM, Plaintiff,

v.

Alice Shockley GRIFFITH, Executrix of
the Estate of Avis W. Shockley,
Deceased, Defendant.

Civ. No. 852–57.

United States District Court
D. New Jersey.

July 31, 1958.

Mulford E. Emmel, Camden, N. J., for plaintiff.

Cassman & Gottlieb, by Harry Gottlieb, Atlantic City, N. J., for defendant.

MADDEN, District Judge.

This matter is presently before the Court on the plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C. Plaintiff, Roland Yokem, instituted action against the defendant, Alice Shockley Griffith, Executrix of the Estate of Avis W. Shockley, on two promissory notes allegedly executed by the decedent.

The complaint is stated in three counts. Counts One and Two set forth a cause on a note in the sum of $12,000 with interest at the rate of 3% per annum payable in 60 months "to the order of Berry Springs Water Co., Roland Yokem, Sec.". This note is dated, "August 28, 1948", signed, "Avis W. Shockley", and witnessed at the lower left corner on the face of the note, "John D. Underkoffler, Millersburg, Pa.". In the first count the allegation is made that the payee, Berry Springs Water Co., Roland Yokem, Sec., is a fictitious designation. that the plaintiff is and has been the owner of said note since its issuance, and that the promise to pay the amount of the note was in fact made to the plaintiff. In the second count the allegation is made that the payee, Berry Springs Water Co. assigned the note to the plaintiff by delivery and that plaintiff is the holder of said note.

Count Three sets forth a cause upon a promissory demand note in the sum of $1,400 with interest at the rate of 6% payable to "the order of the Boardwalk National Bank of Atlantic City". This note is dated, "August 31, 1952", and signed, "Avis W. Shockley". The allegation is made that the payee, Boardwalk National Bank of Atlantic City is a fictitious designation and that the plaintiff is and has been the owner of said note since its issuance.

The defendant by answer (1) denies any indebtedness to the plaintiff by the decedent, Avis W. Shockley, (2) asserts that no cause of action is set forth in the complaint, (3) denies the execution and delivery of the notes, (4) asserts a lack of consideration for the notes, (5) asserts the forgery of the signature of Avis W. Shockley, (6) contends that the plaintiff is not a holder in due course for value or that delivery was made to the plaintiff, (7) asserts that the payees are not fictitious, or, if fictitious, that such was not known to the decedent, and finally, (8) by amended answer, the defendant contends that the notes were altered and that the statute of limitation bars such action upon the notes.

In support of his motion for summary judgment and in addition to his own affidavit, the plaintiff has filed the following affidavits:

First. The affidavit of John D. Underkoffler, whose name appears as a witness on the $12,000 note, who describes the transaction, the nature of the conversation, the execution of the note by the decedent, the passing of the money and the transfer of the note to plaintiff.

Second. The affidavit of Robert Travitz, the present secretary-treasurer of Berry Springs Water Co., who avers that the controlling interest of said Company passed from the plaintiff to him and that the note was not the property of the Company but belonged to the plaintiff.

Third. The affidavit of Claire S. Barker, sister of both defendant and decedent, who avers that she has examined both the $12,000 and $1,400 notes and that the signature thereon is the signature of her sister, Avis W. Shockley.

Fourth. The affidavit of Emma Townsend, likewise a sister of both the defendant and the decedent, who also identifies the signature on both notes as that of her sister, Avis W. Shockley.

In opposition to this motion, the defendant submits her counter-affidavit wherein she asserts that since her appointment she has attempted to examine the papers and records of the decedent, including her bank accounts, and finds no record of the notes; that she found a letter from the plaintiff to the decedent, dated December 7, 1955, wherein he makes no claim or demand for the money due upon the notes and thus concludes, that none was due; that she received a letter, dated January, 1957, wherein the decedent denied she was indebted to the plaintiff or that he had any interest in her property. From all of this the defendant then concludes:

"6. From these communications, I am convinced and verily believe that my sister was not indebted to the plaintiff in any sum or did she execute and deliver these alleged notes to the plaintiff. I am also convinced and believe that the signature on the alleged $12,000. note is not the signature of my sister, and if the signature on the alleged $1,400. note is the signature of my sister, then I believe it was never delivered by my sister to the plaintiff or there was never any consideration therefor."

It is worthy of note at this point that the complaint was filed August 23, 1957, and the matter argued January 17, 1958, but that there is no affidavit of any handwriting expert or other person, including the defendant, that he has examined the notes and that in his opinion (by direct words) the signatures thereon are not the signatures of decedent.

■■ The Court is extremely mindful of the directions enunciated by upper Courts on the use and disposition of motions for summary judgment; such motions are not to serve as a substitute for trial by jury nor as a means to try by affidavits disputed issues of fact. Under Rule 56 it is the function of trial courts to determine whether a genuine issue of material fact exists to be tried and the Court may only grant a movant judgment upon his motion when it is clear that there is no genuine issue as to any

material fact. See Powell v. Fuller Brush Co., D.C.N.J.1954, 15 F.R.D. 239; and Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F.2d 167.

■ Jurisdiction of this Court having been invoked on the grounds of diversity, the law of New Jersey is applicable. Thus, the plaintiff is entitled to the benefit of certain statutory presumptions, to wit:

R.S. 7:2–24, N.J.S.A. which provides:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

R.S. 7:2–59, N.J.S.A. which provides:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course; but the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

And R.S. 7:2–16, N.J.S.A. which provides:

" * * * but where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed; and where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

See First National Bank of Philadelphia v. Stonely, E. & A.1933, 111 N.J.L. 519, 168 A. 602; and Federal Deposit Insurance Corporation v. Miller, E. & A. 1943, 130 N.J.L. 626, on page 628, 33 A.2d 838, at page 839 wherein the Court stated:

" * * * Plaintiff's possession of the note raised a rebuttable presumption of nonpayment. Under R. S. 7:2–24, N.J.S.A. proof and offer of the subject note established a prima facie case. Payment is essentially an affirmative defense; and the burden of proof is on him who pleads it."

 An examination of the pleadings and affidavits in this matter discloses the plaintiff to be the holder of the two notes in question signed by the decedent. In light of the foregoing, that is sufficient to establish a prima facie case of issuance for value. The defendant on the other hand, aside from denying the allegations of the complaint, has raised a number of affirmative defenses which she fails to support by affidavit.

The Court has carefully considered that which the defendant has offered in opposition to this motion, namely, her affidavit and the letter from the decedent to the defendant. Both must be discounted for neither would be evidential upon a trial of this matter, the substance or content of the affidavit consisting of conclusions drawn by the defendant and not affirmations of fact, and the letter of the decedent being nothing more than a self-serving declaration.

With the supporting papers filed by the defendant having been discounted, the notes signed by the decedent in the possession of the plaintiff, appearing regular on their face, and payment thereof neither alleged or sworn to in such a fashion as to raise that defense, what *genuine* issue of fact is before the Court? In the Court's estimation there is obviously none, and consequently, the plaintiff is entitled to a judgment upon his motion.

The defendant herein has also made a motion in this matter for discovery of certain books and papers of the plaintiff, this was, likewise, argued and taken under advisement. In view of the foregoing disposition of the matter on the plaintiff's motion for summary judgment, it becomes unnecessary to pass upon the defendant's motion.

The plaintiff will prepare an appropriate order and submit the original notes in question to the Clerk of the Court to be marked, together with a computation of interest thereon at the rate provided by the terms of the notes.