105 N.J. Super. 572 (1969)
253 A.2d 581
SNUG HARBOR REALTY CO., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
THE FIRST NATIONAL BANK OF TOMS RIVER, N.J., A NATIONAL BANKING ASSOCIATION OF THE UNITED STATES, DEFENDANT-RESPONDENT, AND THE TRUST COMPANY OF OCEAN COUNTY, A BANKING CORPORATION OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued January 6, 1969.
Decided January 31, 1969.
*573 Before Judges SULLIVAN, FOLEY and LEWIS.
Mr. Ralph G. Mesce argued the cause for appellant.
Mr. Murray Greiman argued the cause for respondent (Messrs. Lifland and Greiman, attorneys).
The opinion of the court was delivered by LEWIS, J.A.D.
In a suit by plaintiff Snug Harbor Realty Co. against defendants the First National Bank of Toms River, N.J., and The Trust Company of Ocean County, the trial court, at the close of plaintiff's case and after noting that plaintiff voluntarily abandoned its direct cause of action against the trust company, granted the motion of defendant First National and entered judgment in its favor against plaintiff. The latter appeals.
The matter is before us on an "Agreed Statement in Lieu of Record" which reveals the following basic facts:
Snug Harbor, a construction company, maintained a system under which parties asserting claims against it would submit invoices which were then given to its superintendent, Joseph Magee, for investigation. It was Magee's responsibility to make the necessary inspection and, upon being satisfied that the alleged work was done or materials furnished, to initial the invoices and forward them to the *574 company's bookkeeper for verification of the contract obligations and the preparation of checks payable to the claimants. Checks drawn on First National were then signed by the company's authorized official. Certain checks were picked up by Magee for delivery to the respective payees who authorized the "pick-up." Between January 10, 1964 and August 13, 1965, Magee converted to his own personal use 132 checks, totaling $27,516.27, by forging the endorsements of the payees and cashing the checks.
The trial court found as a matter of law that a provision of the Uniform Commercial Code was "dispositive" and, accordingly, that the bank should be relieved of any liability to plaintiff. The pertinent section of the Code, N.J.S. 12A:3-405(1)(c), provides:
"(1) An indorsement by any person in the name of a named payee is effective if * * * (c) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest."
We find, in the circumstances here presented, that plaintiff proved a prima facie case and that the cited Code provision is inapplicable.
Magee, an unfaithful employee of the construction company, did not supply to his employer "the name of the payee intending the latter to have no such interest." To the contrary, the payees were bona fide creditors of the company who had respectively submitted their invoices for work performed or materials furnished.
It is thus plain that judgment was improvidently entered. The matter should proceed to a plenary hearing for a judicial determination of the merits of plaintiff's complaint in light of any defenses appropriately raised by the defendant bank.
Since there will be a new trial, we deem it advisable to briefly comment upon a collateral issue raised in defendant's brief. It is argued that the trial judge erred in excluding the testimony of a lay witness as incompetent to give an opinion as to an alleged forgery. We find nothing in the *575 agreed statement of facts to indicate an abuse of judicial discretion. In Storm v. Hansen, 41 N.J. Super. 249, 254 (App. Div. 1956), there were distinguishing circumstances, but our observation in that case is here pertinent:
"Opinions as to the genuiness of handwriting are, at best, weak and unsatisfactory evidence and we believe such proofs should be received only from one whose qualifications have been established strictly in accordance with our precedents."
See Rule of Evidence 56 (1). Cf. Morrone v. Morrone, 44 N.J. Super. 305, 312 (App. Div. 1957).
Reversed and remanded for new trial.