WILLIAM J. BACKES, PLAINTIFF AND APPELLEE, v. HYMAN MOVSOVICH, DEFENDANT AND APPELLANT.

Submitted July 5, 1911—Decided November 13, 1911.

1. The Supreme Court will not review a decision of the District Court upon questions of fact. It can only look to see if there was any legal evidence upon which judgment might be based.
2. In a suit to recover for services rendered, a letter written by plaintiff's witness and offered in evidence by the defendant, not for the purpose of impeaching the credit of the witness, but for the avowed purpose only of showing the opinion of the writer thereof that the plaintiff was not entitled to recover, was properly excluded.
3. Where a compound question is propounded to a witness, part of which is admissible and part inadmissible, it is rightfully excluded as a whole.

On appeal from the District Court of the city of Trenton.

Before Justices GARRISON, TRENCHARD and KALISCH.

For the appellant, *William M. Jamieson.*

For the appellee, *John H. Backes.*

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a judgment rendered by the judge of the District Court of the city of Trenton, sitting without a jury, in favor of the plaintiff in an action for services rendered.

*First.* It is said that the plaintiff "failed to establish his case by a preponderance of the evidence," and it is contended that this requires a reversal of the judgment. Not so. This court will not review a decision of the District Court upon questions of fact. It can look to see if there was any legal evidence upon which the judgment might be based. *Aschenberg* v. *Mundy,* 47 *Vroom* 352. There was such evidence.

*Secondly.* It is contended that the trial judge erroneously excluded a letter written by the plaintiff's witness, Warady, and offered by the defendant. We are of opinion that it was properly excluded. It was offered, not for the purpose of impeaching the credit of the witness, but for the avowed purpose only of showing the opinion of the writer thereof that the plaintiff was not entitled to recover for the services rendered.

*Thirdly.* It is contended that the trial judge erred in sustaining an objection to the following question propounded by the defendant's counsel on cross-examination of the plaintiff's witness, Warady: "Did you not tell me that any work done was done for you, and that you paid him well—that whatever he did, he did for you and that he was well paid by you for these services? What did you tell me?"

The avowed purpose of the question was to lay a foundation for impeaching the credit of the witness. Now it will be observed that the question is a compound one. Where a compound question is propounded to a witness, part of which is admissible and part inadmissible, it is rightfully excluded as a whole. *Thomp. Trials* 349. The latter part of the question was clearly objectionable, for the purpose of laying a foundation for impeaching the credit of the witness. The question having been properly excluded for the reason stated, it is unnecessary to consider other objections urged against it.

The judgment of the court below will be affirmed.