FRANCIS R. UPTON, PLAINTIFF AND APPELLANT, v. JOHN J. SLATER ET AL., DEFENDANTS AND APPELLEES.

Argued June 4, 1912—Decided December 4, 1912.

1. Liability of a county clerk for a breach of his official duty in respect to indexing a mortgage delivered to him to be recorded, inures only in favor of one who was prejudiced by the breach of such duty.
2. One who has actual knowledge of the existence of a mortgage covering property, and with such knowledge buys such property, is not damnified by the fact that the county clerk failed to index the mortgage when it was delivered to him for record.
3. On appeal from a judgment of the District Court rendered by the judge, sitting without a jury, where opposite conclusions might have been drawn from the testimony, that conclusion which is essential to support the judgment will be taken as found.
4. A determination of a question of fact by the judge of the District Court, sitting without a jury, is final between the parties when there is legal evidence to support it.

---

On appeal from the District Court of the city of Paterson.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellant, *Hunziker & Randall.*

For the appellees, *William I. Lewis.*

The opinion of the court was delivered by

TRENCHARD, J.   This suit was brought in the District Court by the plaintiff to recover damages against John J. Slater, the county clerk of Passaic county, and his sureties, on the theory that the clerk had negligently failed to properly index a mortgage delivered to him to be recorded, and that the plaintiff, relying upon the index, had in good faith purchased property covered by the mortgage, and was afterward compelled to pay such mortgage.

The appeal brings up for review the judgment rendered by the judge, sitting without a jury, in favor of the defendants.

We see no reason for disturbing this judgment.

We assume, for the purpose of this case, that failure of the county clerk to index the mortgage was a breach of his official duty.   But liability for such a breach of official duty inures only in favor of one who was prejudiced by the breach thereof.   34 *Cyc.* 1022.   See, also, *Appleby* v. *State*, 16 *Vroom* 161.

The implication arising from the record before us is that the plaintiff had actual notice of the mortgage when he purchased the property.   He, therefore, was not damnified by the failure to index the mortgage.

We have pointed out that the case was tried before the judge, without a jury.   The state of the case was not agreed on by the parties or their attorneys, nor was it settled by the judge, as is permitted by *Pamph. L.* 1902, *p.* 566; but rather the transcript of the proceedings and testimony at the trial is certified to this court by the judge as the state of the case pursuant to *Pamph. L.* 1905, *p.* 259.   The judge made no finding of fact with respect to actual notice of the existence of the mortgage.

From the testimony of the plaintiff himself at the trial it was clearly open to the judge to conclude that before and at the time the plaintiff purchased the property he had actual notice of the existence of the mortgage thereon.

It is true that there was other testimony from which a contrary conclusion might have been reached.   But on ap-

peal, where opposite conclusions might have been drawn from the testimony, that conclusion which is essential to support the judgment will be taken as found. Such a determination of a question of fact is final between the parties when there is legal evidence to support it. *Backes* v. *Movsovich,* 53 *Vroom* 44.

The judgment of the court below will be affirmed.