HOISTING MACHINERY COMPANY, PLAINTIFF AND AP-
PELLEE, v. GOELLER IRON WORKS, DEFENDANT AND
APPELLANT.

Submitted March 20, 1913—Decided July 8, 1913.

1. It is not erroneous for the trial judge to permit the attorney for the plaintiff to ask the president of the defendant company if a certain person was secretary of the defendant company, when the incumbency of the office is not in issue and the fact is collateral in character.

2. Where the parties have carried on a fixed business correspondence, the amount and length of which allow no question of the good faith and identity of the person with whom the witness has corresponded, this is sufficient to qualify the witness to express an opinion as to the genuineness of a writing attributed to the other party.

3. The rules as to nonsuits are the same, and have the same application when the trial is by the court as when it is by the jury.

4. Where in the general course of the business of an incorporated business company, the directors or managers have permitted an officer to assume the direction and control of its business and have held him out to the public as its general agent, his authority to act for the company in a particular transaction may be implied from the manner in which he has been permitted by the directors or managers to transact its business.

5. Where defendant company proposed to build a machine for a third party, according to a design made by the plaintiff, not for a gross sum, but for $3.60 per one hundred pounds, and contracted to pay plaintiff five per cent. of the amount received for doing such estimated work, the plaintiff is entitled to receive five per cent. of what the defendant company received for what it did pursuant to that design and estimate, regardless of changes made pending the work.

6. A determination of a question of fact by the judge of the District Court sitting without a jury is final between the parties when there is legal evidence to support it.

On appeal from the First District Court of the city of Newark.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the appellant, *Raymond, Mountain, Van Blarcom & Marsh.*

For the appellee, *Frederick S. Taggart.*

The opinion of the court was delivered by

TRENCHARD, J.   This suit was brought to recover a commission of five per cent. for the services of the plaintiff, a mechanical engineering company, in procuring for the defendant, who was engaged in the business of constructing and erecting iron work, a contract with the Harwood Electrical Company.

The plaintiff's action was based, primarily, upon the following letter purporting to be from the defendant:

"NEWARK, N. J., Aug. 23, 1909.
*"Hoisting Machinery Co.,*
     *"New York City:*

"DEAR SIRS—We have to-day mailed estimate to the Harwood Mfg. Co. for structure for coal and ash conveyor of which we enclose copy.

"We hereby agree to give you 5% of the amount for your commission, same to be paid to you on receipt of payment for this work.
               "Respectfully yours,
                    "THE GOELLER IRON WORKS,
                         "JOHN GOELLER,
                              "Sec'y."

That letter was accompanied by a copy of defendant's estimate as follows:

"NEWARK, N. J., Aug. 23d, 1909.
"*Harwood Electrical Co.,*
  "*Arcade Building,*
    "*Philadelphia, Pa.:*

"DEAR SIRS—We will furnish, deliver and erect structural steel work for coal and ash conveyor for power plant for you at Harwood, Pa., for the sum of three dollars and sixty cents ($3.60) per hundred pound, completion of work to be one hundred work days from date of order and receipt of drawings. This price includes the making of shop details, also doing and punching and framing necessary to fasten machinery on to structure, providing it is furnished us in time, so work can be done in the shop while being made. We also include one coat of paint in shop and one coat after erection.

"Respectfully yours,

"THE GOELLER IRON WORKS,

"JOHN GOELLER,

"*Sec'y.*"

The case was tried before the judge without a jury, and he found the following matters of fact: "That (1) the plaintiff, in July, 1909, received an inquiry from a client concerning the erection of a piece of conveying machinery to be constructed of iron or steel; that (2) after preparing plans, the plaintiff sent the plans to the defendant for an estimate; that (3) as a result of the sending of the plans by the plaintiff to the defendant, an estimate was made by the defendant to the Harwood Electrical Company for the erection of the machinery for which plans had been sent by the plaintiff to the defendant, and the defendant agreed to pay the plaintiff a commission of five per cent. of the amount of money which the defendant should receive if the estimate was accepted, to be paid to the plaintiff on receipt of payment by the defendant for the work; that (4) after August 23d, 1909, the estimate was accepted and defendant entered into a contract with the Harwood Electrical Company, which included all the work called for in the estimate, and more besides; that (5) the defendant received $8,342.28 for work done by it under said contract."

Judgment was entered for the plaintiff for the sum of $462.98, being five per cent. of $8,342.28, with interest, and the defendant appealed.

It is first urged as a reason for reversal that the judge erred in permitting Charles Goeller, the president of the defendant company, to answer the following question put by the plaintiff's attorney: "Was John Goeller the secretary of the defendant company on August 23d, 1909?" The only objection stated was that such evidence was not the best evidence. We think there was no merit in the contention. The incumbency of the office was not in issue, and the fact sought to be proved was collateral in character. *Star Grocer Co.* v. *Bradford,* 70 *W. Va.* 496; 39 *L. R. A.* (*N. S.*) 184; 10 *Cyc.* 943.

It is next contended that the judge erred in admitting in evidence the letter signed "John Goeller, Sec'y," containing the agreement to pay the commission. We think not. It was objected that the witness was not qualified to identify the handwriting of John Goeller. We think he was. The witness was the president of the plaintiff company. He had testified that for a period of five years prior to the receipt of the letter in question he had corresponded with the defendant company, and that, in the course thereof, had received many letters signed "John Goeller, Sec'y," and had completed, and been paid for by the defendant, many contracts based upon such letters. It is well established that where, as here, the parties have carried on a fixed business correspondence, the amount and length of which allow no question of the good faith and identity of the person with whom the witness has corresponded —that is, sufficient to qualify the witness to express an opinion as to the genuineness of a writing attributed to the other party. *West* v. *State,* 2 *Zab.* 212, 241; 2 *Phil. Ev.* (*5th Am. ed.*) 503; 2 *Stark. Ev.* (*7th Am. ed.*) 512; 1 *Wigm. Ev., p.* 800, § 702; 1 *Greenl. Evid.* (*14th ed.*), § 577.

It is next contended that the judge erred in refusing to non-suit the plaintiff. Not so. The motion was based upon two grounds—*first,* that there was no corporate action by the defendant company, agreeing to pay commission to the plaintiff,

and *secondly,* that no authority was shown in the secretary of the defendant company to make such contract.

The rules as to nonsuits are the same, and have the same application. when the trial is by the court as when it is by a jury. *Weston Company* v. *Benecke,* 53 *Vroom* 445.

And the rule is well settled that where, as in this case, the evidence tends to show that, in the general course of the business of an incorporated business company, the directors or managers have permitted an officer to assume the direction and control of the business, and have held him out to the public as its general agent, his authority to act for the company in a particular transaction may be implied from the manner in which he has been permitted by the directors or managers to transact its business. *Fifth Ward Savings Bank* v. *First National Bank,* 19 *Vroom* 513.

Lastly, it is urged that the judge erred in denying the motion of the defendant for judgment in its favor based "on the ground that the defendants did not do all the work estimated on in the estimate of August 23d, 1909." But we think it was immaterial whether the defendant did all the work. The defendant was to build a "conveyor" and use design made by the plaintiff. The defendant's estimate was, not in gross, but $3.60 per one hundred pounds, and its contract was to pay to plaintiff five per cent. of the amount received by it for doing such work of the character contemplated as should be agreed on between the defendant and the Harwood company, no matter what changes were made pending the work. Under that contract the plaintiff was entitled to receive five per cent. of what the defendant received for what it did pursuant to that design and estimate. Hence, a finding, supported by evidence, that the defendant "received $8,342.28 for work done by it under said contract," was all that was necessary for a recovery. The trial judge so found, and upon examination of the case as settled by the judge, we find that the testimony of the president of the defendant company supported the finding. Such determination is final. *Upton* v. *Slater,* 54 *Vroom* 373.

This review disposes of all questions argued which have been assigned for reversal.

The judgment will be affirmed.