ALFRED J. MILLER, PLAINTIFF-APPELLANT, v. NEWARK HARDWARE COMPANY, A CORPORATION, DEFENDANT-APPELLEE.

Submitted October 13, 1933—Decided February 6, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Emil Stremlau.*

For the appellee, *Matthew F. Melko.*

The opinion of the court was delivered by

PERSKIE, J. This is an appeal by the plaintiff from a judgment entered in the District Court of the city of Perth Amboy, in favor of the defendant.

The facts, as contained in the state of case, disclose that this action was brought by the plaintiff to recover damages from the defendant for the wrongful removal of a heating system in a building upon which he, the plaintiff, at the time of the removal, had a mechanics' lien for lumber furnished for the erection of the building in which the heating fixtures were attached and of which building plaintiff subsequently became the owner.

The evidence shows that the plaintiff had sold to Anton J. Bubenheimer and his wife, lumber material for the erection of a building. In this building the defendant furnished and installed the heating system. Upon completion of the building the plaintiff was not paid and on May 20th, 1932, filed a mechanics' lien claim pursuant to the statute in such case

made and provided. On July 15th, 1932, a judgment was entered in favor of the plaintiff by virtue of the suit on the mechanics' lien claim. Execution was issued under such judgment and on September 21st, 1932, the premises were sold by the sheriff to the plaintiff.

On a date subsequent to the filing of the lien claim, but prior to the entry of final judgment on such claim, the defendant sent a constable to the home of Bubenheimer with instructions to remove the heating system and boiler. The constable complied with the instructions, and did remove the boiler and other parts of the heating system. Upon defendant's refusal to return the fixtures which had already been installed in the premises at the time they were removed, this' suit was instituted.

There is a conflict of testimony as to whether Bubenheimer gave permission to the defendant, or its agents, to remove the fixtures in question. Mr. Bubenheimer testified that when defendant's employes came to his home, on July 6th, 1932, with a truck to remove the heating system, he refused to give permission; that on the day following while he was away from home the defendant's employes with one, John Kisides, a constable, came to his home and removed the heating system and that he returned home just as the boiler was being placed on the truck and that he demanded a receipt from the constable for the goods taken. Opposed to this was the testimony of Mr. Sokolav, president of defendant company, who testified, as did likewise the constable, that they had Bubenheimer's consent to remove the fixtures.

There is no specific finding of fact by the trial judge on this conflicting testimony. Under such circumstances this court is not called upon to weigh the sufficiency on the testimony. *McBride* v. *Rogers,* 83 *N. J. L.* 407. On conflicting evidence the appellate court will assume a finding of fact that will support the judgment below. *Steinmeyer* v. *Phenix Cheese Co.,* 91 *Id.* 351. In the present case it was clearly open to the trial judge to find that Bubenheimer had given permission to the defendant to remove the heating plant. In *Upton* v. *Slater,* 83 *Id.* 373 (at *p.* 374, 375), it was held:

"It is true that there was other testimony from which a contrary conclusion might have been reached. But on appeal, where opposite conclusions might have been drawn from the testimony, that conclusion which is essential to support the judgment will be taken as found. Such a determination of a question of fact is final between the parties where there is legal evidence to support it. *Backes* v. *Movsovich,* 53 *Vr.* 44."

Appellant's specifications of the determination of the District Court with which he is dissatisfied in point of law, are four in number. *First:* "The judgment in favor of the defendant is contrary to law." This is not a proper ground of appeal. It is so vague that it is meaningless. *Shaw* v. *Vermont Marble Co.,* 107 *N. J. L.* 154, 156; *Stassi* v. *DeFronzo,* 110 *Id.* 35; *State* v. *Lavine,* 96 *Id.* 356, 357. *Second:* "The trial court erred in giving judgment in favor of defendant and against plaintiff upon the facts." This is also not a proper ground of appeal. *Cohn* v. *Passaic National Bank and Trust Co.,* 109 *Id.* 449. *Third:* "Because the verdict is against the weight of the evidence." This is also not a proper ground of appeal. *Klein* v. *Shryer,* 106 *Id.* 432; *Kantor* v. *Guarantee Building, &c., Association,* 9 *N. J. Mis. R.* 397; *affirmed (Court of Errors and Appeals),* 109 *N. J. L.* 152. *Fourth:* "Because the trial court refused to permit any evidence showing the diminution of the value of the security by reason of the removal of the fixtures."

The record discloses that the trial court refused to permit the plaintiff to prove as his measure of damages the diminution in the value of the security by reason of the removal of the fixtures. Did the trial judge commit reversible error in so ruling? For the defendant it is urged, *in limine,* that this question is not properly before the court. We think that the defendant's objection to this ground of appeal is unquestionably well taken. This was a ruling on evidence. The ground of appeal should state the name of the witness, and the questions or answers objected to and ruled upon by the trial judge. *Booth* v. *Keegan,* 108 *N. J. L.* 538, 539; *Ciccone* v. *The Colonial Life Insurance Co.,* 110 *Id.* 276, 278; *Kleinman* v. *The Globe and Rutgers Fire Insurance Co.,* 111 *Id.* 374.

It is firmly established that upon appeal a judgment of the District Court cannot be reversed upon any grounds specified it will be affirmed. *Champlain* v. *Barthold,* 82 *N. J. L.* 13; *Sentliffer* v. *Jacobs,* 84 *Id.* 128; *Kirk* v. *County of Hudson,* 1 *N. J. Mis. R.* 28; *Walz* v. *Nicholosi, Ibid.* 80; *State Highway Commission* v. *Zyk,* 105 *N. J. L.* 156. See, also, *State* v. *Ramage,* 91 *Id.* 435, and *State* v. *Blaine,* 5 *N. J. Mis. R.* 633; *affirmed,* 104 *N. J. L.* 325. The judgment in the instant case cannot be reversed on any of the grounds specified.

Judgment is affirmed, with costs.