CLIFTON DISTRICT COURT.

IDA SCHMID, PLAINTIFF, v. HERBERT D. SLOATE AND THE CITY OF PATERSON, A MUNICIPAL CORPORATION, DEFENDANTS.

Decided July 17, 1941.

For the plaintiff, *Edward G. Weiss* and *Louis Bohl*.

For Herbert D. Sloate, *Hugh C. Spernow*.

For the City of Paterson, *George Surosky*.

COLLESTER, D. C. J. This is an action founded upon negligence which is brought by the plaintiff to recover damages from Herbert D. Sloate and the City of Paterson which she claims to have sustained as a result of the alleged negligence of the defendants. The pertinent facts are as follows:

The plaintiff was the owner of a mortgage encumbering certain premises located in the City of Paterson which said mortgage was in default and she placed it in the hands of her attorney for the purpose of foreclosure. As a preliminary step in the proceedings, her attorney, on July 3d, 1937, made a search of the title of said premises at which time he discovered on record in the register's office of Passaic County a certificate of tax sale bearing date July 6th, 1936, held by Fred Ehrenkranz & Co. encumbering the premises secured

by the aforesaid mortgage. Thereafter, plaintiff's attorney requested a tax search to be made by the defendant Herbert D. Sloate, the official designated by the City of Paterson for that purpose and on July 9th, 1937, received a tax search which did not set forth any reference to the tax sale certificate held by Fred Ehrenkranz & Co. On July 17th, 1937, a bill of foreclosure was filed in the Court of Chancery on behalf of the plaintiff and at the sale held by the sheriff of Passaic County pursuant to the writ of *fieri facias,* said plaintiff purchased the property for the nominal bid of $100.

Pending the foreclosure proceedings, a contract was entered into between the plaintiff and Orville Gates and Muriel Gates, his wife, whereby the latter agreed to purchase the premises from the plaintiff upon acquiring title thereto at the foreclosure sale. The foreclosure sale having been completed, a warranty deed was made by the plaintiff and her husband to Mr. and Mrs. Gates.

Subsequently, the Gillian Realty Co., assignee of Fred Ehrenkranz & Co., instituted proceedings in the Court of Chancery to foreclose the certificate of tax sale dated July 6th, 1936, and the plaintiff to comply with her warranty was required to pay the said Gillian Realty Co. the sum of $322.94 for the cancellation of the tax certificate.

The plaintiff in this action now seeks to recover the sum of $322.94 from the defendants, Herbert D. Sloate and the City of Paterson, on the ground that the tax search delivered to the plaintiff by the City of Paterson was negligently made and did not disclose the tax sale certificate which had been issued to Fred Ehrenkranz & Co. prior to the date of said tax search.

In the case *sub judice,* two paramount questions present themselves for the consideration of the court:

1. Is there a duty owed by the tax search official to the plaintiff, a breach of which will render said tax search official personally liable in damages?

2. Can the City of Paterson be held responsible to the plaintiff for the alleged negligent act of its tax search official?

The duty of the defendant Sloate, the tax search officer of the City of Paterson, is provided for by statute:

*N. J. S. A.* 54:5-11. The governing body of each municipality shall from time to time, by resolution, designate a bonded official of the municipality to make examinations of its records as to unpaid municipal liens and to certify the result thereof. The official so designated, and each new incumbent of the office, shall thereafter be vested with the power to make official certificates of searches for municipal liens until a new official has been designated for the purpose, and no other official than the one so designated shall make any such official certificate.

*N. J. S. A.* 54:5-12. Upon receipt of the fees hereinafter provided, and of a written application from any person containing a diagram showing the location and dimensions of the tract of land to be covered by the certificate, and the name of the owner of the tract, such official shall make an examination of the records of the municipality, and, within fifteen days after receipt of the application, issue a certificate certifying the taxes, assessments or other municipal liens or charges, levied or assessed against the property described in the application, which are liens thereon at the date of the certificate. He shall include therein all unpaid installments of assessments theretofore levied and in force, whether due or not.

*N. J. S. A.* 54:5-13. The certificate provided for in section 54:5-12 of this title shall include a statement of all tax sales made at any time prior to its date not held by the municipality and not redeemed at the date of the certificate, and in the case of a continuation search shall indicate whether the liens, if any, shown in the original certificate shall have been paid and satisfied or remain in force.

*N. J. S. A.* 54:5-16. All searches so made shall be certified as correct by the designated official, and the fees collected shall be paid by him to the governing body of the municipality. He shall keep a duplicate copy of each certificate, consecutively numbered, showing the fees charged, and bound in book form as a permanent record of his office.

It is apparent from the foregoing statutes that it was the intention of the legislature in enacting the same to protect investors, either grantees or mortgagees of real estate by providing for a certificate as to tax and assessment liens on which

they can safely act. (See *Cliffside Park Mortgage Co.* v. *Englewood,* 113 *N. J. Eq.* 146 (at *p.* 149); 166 *Atl. Rep.* 36). Said statutes place upon the tax search officer a public duty of making a true and accurate search of the tax and assessment liens encumbering real property. The duty of the tax search officer with respect to the tax and assessment records of the municipality being a public duty, if there is a breach of it, he will be liable to anyone who may have suffered damage from his negligence or default—the action being founded not on contract but on the breach of a duty. *Appleby* v. *State* (*Court of Errors and Appeals*), 45 *N. J. L.* 161; *Add: on Torts,* 14, 15; *Wharton on Neg.,* §§ 285, 443.

The testimony presented at the trial of this cause shows that the tax search officer Sloate was negligent in making his tax search. It is admitted that the tax records of the City disclosed the outstanding tax sale lien held by Fred Ehrenkranz & Co. at the time Sloate made his search and it is further conceded that said officer neglected to set forth notice of said lien on his tax search certificate. By virtue of *N. J. S. A.* 54:5-13 (*supra*), Sloate had a statutory duty to set forth in his certificate of tax search "A statement of all tax sales made at any time prior to its date *not held by the municipality* and not redeemed at the date of the certificate." (Italics mine.) It is readily apparent that Sloate breached the duty as outlined by statute by reason of his negligence.

Public officers are answerable to private persons for injuries resulting from the negligent performance of their duties. 22 *R. C. L.* 484, § 162; *Upton* v. *Slater,* 83 *N. J. L.* 373; 85 *Atl. Rep.* 225; *Florio* v. *Jersey City,* 101 *N. J. L.* 535; 129 *Atl. Rep.* 470. In *American Print Works* v. *Lawrence,* 23 *N. J. L.* 590, the Court of Errors and Appeals said:

"It is enough for the decision of this case that we recognize the well settled principle that public officers, acting without private emolument in a matter of public concern, shall not be personally liable for the consequential injuries arising out of an act done by them under lawful authority and *in a proper manner.*" (Italics mine.)

Mr. Justice Kalisch in the Florio case (*supra*) commenting upon the above statement said:

"This is in harmony with the principle of the cases above referred to. The only legitimate inference to be drawn from the language used is that where the act done by the public officer is under lawful authority and *free from negligent conduct* he is absolved from liability, *otherwise not.*" (Italics mine.)

It having been determined that the tax search officer Sloate breached the statutory duty imposed upon him in the instant case, the question before this court is whether or not the plaintiff can recover damages for such a breach. It is well established in this state that liability for such a breach of official duty inures only in favor of one who is prejudiced by the breach thereof. 34 *Cyc.* 1022; *Appleby* v. *State, supra; Upton* v. *Slater, supra.* In the opinion of this court from the undisputed and uncontradicted evidence presented in this cause, it is apparent that the plaintiff was not prejudiced by the breach of duty on the part of Sloate.

First, it must be noted that the plaintiff did not place any reliance upon this tax search so that it would result in her damage. The plaintiff was a mortgagee whose mortgage was in default. The existence of the tax lien in no manner affected the plaintiff's position pending the foreclosure action or at the foreclosure sale at which time the plaintiff purchased the property from the sheriff. It is apparent that the plaintiff purchased the property at the foreclosure sale to protect her mortgage interest and the title she now holds is by virtue of the terms of her mortgage, which created an immediate estate in the mortgaged premises in fee, subject to defeasance by payment, except that the right to entry and possession was postponed until default. *Colton* v. *Depew,* 60 *N. J. Eq.* 454; 46 *Atl. Rep.* 728; *Cliffside Park Mortgage Co.* v. *Englewood, supra* (at *p.* 150). Said purchase was not made by the plaintiff in reliance upon the status of the taxes as revealed by the tax search certificate.

Secondly, the plaintiff had knowledge of the existing outstanding tax lien by reason of its appearance on the records of the Passaic County register, a fact which was known to her attorney to whom had been entrusted the duty of making a search of the title. Confronted with the knowledge of the

outstanding tax sale certificate appearing on said record, it became incumbent upon the plaintiff, through her attorney, to investigate the effectiveness of the recorded tax sale certificate. By not doing so, her own negligence caused the injury which she ultimately sustained and she was not prejudiced or damaged by failure of the tax search officer to list the outstanding tax lien on the tax search. A similar situation arose in the case of *Upton* v. *Slater, supra,* where suit was brought against the county clerk of Passaic County on the ground that said clerk had failed to properly index a mortgage and that the plaintiff in said action, relying upon the index, had in good faith purchased the property covered by the mortgage and was afterward compelled to pay said mortgage. Mr. Justice Trenchard in the opinion rendered by the court said:

"We assume for the purpose of this case that failure of the county clerk to index the mortgage was a breach of his official duty but liability for such a breach of official duty inures only in favor of one who was prejudiced by the breach thereof * * *.

"The implication arising from the record before us is that the plaintiff had actual notice of the mortgage when he purchased the property. He, therefore, was not damnified by the failure to index the mortgage."

Nor is the City of Paterson liable for damages to the plaintiff. It is, and has long been, settled by the courts in this state that in the absence of a statutory provision a municipal corporation charged with the performance of a public duty is not liable to an individual for neglect to perform it, or negligence in the performance of such duty, whereby a public wrong has been done for which indictment will lie, although such individual has suffered special damage. *Board of Freeholders of Sussex* v. *Strader,* 18 *N. J. L.* 108; *Cooley* v. *Freeholders of Essex,* 27 *Id.* 415; *Hart* v. *Freeholders of Union,* 57 *Id.* 90; 29 *Atl. Rep.* 490; *Kehoe* v. *Rutherford,* 74 *N. J. L.* 659; 65 *Atl. Rep.* 1046; *Doran* v. *Asbury Park,* 91 *N. J. L.* 651; 104 *Atl. Rep.* 130; *Florio* v. *Jersey City,* 101 *N. J. L.* 535; 129 *Atl. Rep.* 470; *Callan* v. *Passaic,* 104 *N. J. L.* 643; 141 *Atl. Rep.* 778.

It is conceded that a municipality can be rendered liable

by legislative enactment and the legislature has provided a remedy where the tax lien is still held by the municipality:

*N. J. S. A.* 54:5-17. A person who shall acquire for valuable consideration an interest in lands covered by an official tax search, in reliance on that search, shall hold such interest free from any municipal lien held by the municipality not shown on that search."

Since the tax lien in the case *sub judice* is not one still retained by the municipality, the foregoing provision does not apply. Nor can this court agree with the plaintiff's contention that the municipality can be held liable by implication. In the court's opinion, a municipality can be rendered liable for the negligent acts of its agents and servants only if the legislature specifically and expressly so provides. To hold otherwise would require this court to usurp the rights and duties of the legislature.

For the foregoing reasons, it is therefore the decision of this court that the motion for a judgment in favor of the defendants should be granted and therefore judgment will be entered upon said motion in favor of the defendants, Herbert D. Sloate and the City of Paterson, a municipal corporation, against the plaintiff, Ida Schmid, of "no cause for action."